[Civ. No. 6984.   Third Dist.   Dec. 17, 1943.]

JOHN DAVID HITSON, Appellant, v. M. J. DWYER et al., Respondents.

Carr & Kennedy for Appellant.

Daniel S. Carlton for Respondents.

PEEK, J.—Plaintiff appeals from a judgment of dismissal after declining to amend his complaint to which defendants' demurrer had been sustained with leave to amend pursuant to the court's directions.

The action was one for personal injuries suffered by the plaintiff while he was a patron in the "Rigger's Club," a tavern owned and operated by the defendant Dwyer. Plaintiff alleges that while obviously intoxicated and sitting on a movable stool at defendants' bar he wrongfully was served intoxicating liquor, and as a result he fell from said stool to the floor; that defendant Dwyer and defendant Hacker, his employee, unlawfully dragged the plaintiff from his position on the floor, and that as a result of said fall or the dragging or both, plaintiff suffered a fracture, and other injuries of the shoulder and further bodily injuries.

Plaintiff in setting forth such facts in his complaint further alleged that although he was in an obviously intoxicated and helpless condition defendants negligently failed to take precaution to protect him while he was in a perilous position sitting upon a movable and unguarded stool; that by reason of the negligence of defendants in accepting plaintiff as a customer and failing to properly care for him in his intoxicated condition and while in such dangerous position, he fell from the stool and suffered the alleged injuries.

It appears from the record that the defendants' demurrer to the original complaint was sustained with leave to amend; that plaintiff filed an amended complaint and that defendants' demurrer was again sustained, and thereupon leave was granted plaintiff to amend his complaint again in accordance with the directions of the court. Plaintiff elected not to amend his complaint again, and a judgment of dismissal was entered in favor of the defendants. The record also discloses that a motion to strike certain portions of plaintiff's amended complaint was filed by defendants. No issue is raised herein and no mention is made in the transcript of the court's ruling on said motion, but respondents' brief states the motion was denied.

The court, in its ruling wherein defendants' demurrer was sustained, stated in part as follows:

"In this case the only possible cause of action would be for negligence in lifting and moving the man after he fell to the floor. That is not separately alleged and the present complaint is therefore defective.

"The demurrer to the amended complaint is sustained. Leave to amend will be granted if it is desired to sue for any alleged negligence in dragging the injured man, but the injury he suffered by reason of such will have to be alleged, and injuries received from his drunken fall cannot be considered."

It is plaintiff's contention on this appeal that defendants participated in producing plaintiff's helpless condition, of which they were fully aware; that because of the invitee relationship and because the "instrumentality" was under their control, they owed him a duty to take affirmative steps to prevent the injury under the "discovered peril" doctrine; that such duty exists regardless of statute, and that plaintiff's intoxication was remote and not the proximate cause of the injuries.

Plaintiff further maintains that defendants were negligent *per se* by reason of violation of the provisions of the Alcoholic Beverage Control Act, which prohibits the selling, furnishing or giving of any alcoholic beverage to any obviously intoxicated person. It is also his contention that the trial court's ruling on defendants' demurrer that there was a misjoinder of causes of action, was error since the demurrer interposed did not specify this ground, and that in addition the injuries arose out of the same tort, and therefore need not be separately stated.

To these contentions the defendants reply that the plaintiff is required to plead with exactness the injuries and damages resulting from the alleged wrongful act; that the injuries, if any, resulting from his own intoxication for which he alone was responsible, should not be incorporated in his claim against the defendants for the alleged dragging; that if the plaintiff, after having caused injuries to himself, contends that he received further injuries as the result of defendants' negligence, this likewise must be alleged and proven. The defendants, in effect, state they are liable in no way for the injuries which might have resulted from the fall from the stool, but inferentially admit under the cases such as *Doherty v. California Navigation etc. Co.*, 6 Cal.App. 131 [91 P. 419],

that having undertaken to remove plaintiff or care for him then defendants must do so in a careful manner.

Defendants by their general demurrer admitted the truth of the allegations of plaintiff's complaint, however improbable (*Woodroof* v. *Howes*, 88 Cal. 184 [26 P. 111]), "that as a direct and proximate result of the unlawful and wrongful acts of the defendants in serving alcoholic beverages to the plaintiff when he was in an obviously intoxicated condition and the negligence of the defendants in omitting to exercise due and proper care for the safety of the plaintiff and to prevent his injury when he was in such obviously intoxicated and helpless condition in a position of danger, and the wanton, vicious, wrongful, careless and reckless conduct of defendants in violently dragging the plaintiff by his arms from his position on the floor of said 'Rigger's Club,' all of said factors concurring in producing and directly and proximately contributing to the result."

Insofar as the general demurrer is concerned the question whether the fall itself or the dragging resulted in the injuries as alleged is immaterial. The allegations as regards the intoxication and the fall, if improper, would amount to nothing more than mere surplusage, and the complaint therefore was good as against a general demurrer.

The sole question then remaining relates to a consideration of the special demurrer of defendants which alleges that the complaint was uncertain in that it could not be ascertained what injuries, if any, plaintiff suffered when he fell from the stool, and what injuries, if any, he suffered when he was dragged from his fallen position, and that the complaint was ambiguous and unintelligible for the same reason.

From an examination of the ruling of the trial court previously mentioned it is apparent that the theory upon which the court made its determination was that it could not be determined from the complaint what portion of the damages alleged to have been suffered by plaintiff was attributable to each of the various elements which plaintiff contends constituted his cause of action. Plaintiff has consistently maintained his position throughout both in his oral argument and in his briefs now on file, that the allegations contained in his complaint as regards the serving of alcoholic beverages to plaintiff while in an obviously intoxicated condition and the failure of defendants to exercise care and caution for the

safety of plaintiff was the direct and proximate cause of the injury, and in addition insists that he was one of a class for whose benefit the statute was enacted in that it prohibited the sale of alcoholic beverages to an ''obviously intoxicated person.'' With this contention we cannot agree unless the alleged violation by defendants of the Beverage Act was negligence *per se* and constituted, as a matter of law, the proximate cause of plaintiff's subsequent injuries.

It is true that the act does make it a misdemeanor to sell alcoholic beverages to an ''obviously intoxicated person'' (Deering's Gen. Laws, 1937, Act 3796, sec. 62, Stats. 1935 p. 1123) but that is not to say, as contended by plaintiff, that he was one of a class for whom the act was drafted. The primary purpose of the act is declared in section 1 thereof to involve ''. . . in the highest degree the economic, social and moral well-being and the safety of the State and of all its people.'' Under such a statement it cannot be said that an obviously intoxicated person is one for whom the act was adopted.

The principle that a violation of a statute or ordinance is negligence *per se,* is subject to the limitation that the act or omission must proximately cause or contribute to the injury. (*Burtt* v. *Bank of California National Association,* 211 Cal. 548 [296 P. 68] ; *Lawrence* v. *Southern Pac. Co.,* 189 Cal. 434 [208 P. 966].) Unless the alleged violation of the Beverage Act by defendants constituted the proximate cause of plaintiff's injuries such violation is wholly immaterial to a disposition of this appeal.

From our examination of the numerous cases cited we find none which holds, in the absence of a statutory enactment to the contrary, that the sale of intoxicating liquor was the proximate cause of injuries subsequently received by the purchaser because of his intoxication. Rather we find the general rule to be as stated in the case of *Hyba* v. *C. A. Horneman, Inc.,* 302 Ill. App. 143 [23 N.E.2d 564] : ''The common law gave no remedy for the sale of liquor either on the theory that it was a direct wrong or on the ground that it was negligence, which would impose a legal liability on the seller for damages resulting from intoxication.'' See, also, *Tarwater* v. *Atlantic Co.,* 176 Tenn. 510 [144 S.W.2d 746]. This rule has found support in California in the case of *Lammers* v. *Pacific Electric Ry. Co.,* 186 Cal. 379 [199 P. 523], wherein the court held that the sale of intoxicating liquor is not the proximate cause of injuries subsequently received by the purchaser be-

cause of his intoxication. Therefore, in the absence of a showing to the contrary, the proximate cause is not the wrongful sale of the liquor but the drinking of the liquor so purchased. (30 Am.Jur., sec. 611.)

██ If our view be correct it becomes apparent that plaintiff has alleged both an actionable and a nonactionable wrong, and the defendants' special demurrer was properly sustained. Under the rule as stated in the case of *Dauberman* v. *Grant*, 198 Cal. 586 [246 P. 319, 48 A.L.R. 1244], it was held that the special demurrer of defendants therein should have been sustained on the ground that plaintiff's complaint was ambiguous in that it could not be determined therefrom what portion of the damage alleged to have been suffered by plaintiff was attributable to each of the three things which the plaintiff alleged constituted a nuisance.

██ It has been recognized that the particularity with which a plaintiff must state his cause of action depends to some extent upon the circumstances and the situation of the party, and this is so that no greater particularity is required than the nature of the thing pleaded will conveniently admit. Frequently the plaintiff may not be able to specify the general cause of the injury and he may be entirely ignorant as to the specific acts or omissions which led up to it. In the case of *Guilliams* v. *Hollywood Hospital*, 18 Cal.2d 97 [114 P.2d 1], the plaintiff alleged in general terms that the hospital undertook to prepare plaintiff for an operation and to care for and attend him during the operation and thereafter in a skillful and careful manner, and that through the negligence and want of care on the part of the hospital, the plaintiff suffered certain injuries; that he did not know whether the injuries were sustained during or after the operation but alleged that they were not incurred prior thereto. To these allegations both a special and a general demurrer was interposed by the defendant hospital. The court held that the complaint was sufficient as against the general demurrer but added "it may still lie within the discretion of the trial court to require the clarification of uncertainties or ambiguities, or to insist that alternative allegations be restated as direct allegations in separate counts."

It would therefore appear that the ruling of the trial court herein, which did not preclude plaintiff from amending his complaint so as to set forth only those elements which

were actionable, was a proper disposition of the question raised by defendants' special demurrer.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 14, 1944. Edmonds, J., and Traynor, J., voted for a hearing. Carter, J., did not participate therein.