[Civ. No. 28234. First Dist., Div. Three. Mar. 30, 1972.]

ANNA K. CARLISLE et al., Plaintiffs and Appellants, v.
CHESTER M. KANAYWER et al., Defendants and Respondents.

## COUNSEL

Wylie, Leahy, Blunt & McBride and John McBride for Plaintiffs and Appellants.

Popelka, Graham, Allard, Humphreys & Williams and James Jones for Defendants and Respondents.

## OPINION

**DRAPER, P. J.**—Plaintiffs' complaint seeks damages for the wrongful death of their husband and father. General and special demurrer to the complaint was sustained with leave to amend. Plaintiffs formally declined to amend, and judgment of dismissal followed. Plaintiffs appeal.

Although the complaint is in four counts, the essence of each is the allegation that decedent was, and was well known to defendant bar owners to be, "a habitual drunkard or an alcoholic and had lost the will power to resist the temptation when liquor was offered to him."[1] It is asserted that defendants nevertheless served liquor to decedent in violation of the penal prohibition (Bus. & Prof. Code, § 25602), "until and after he became intoxicated and unable to care for himself in any manner," that he became violently ill and died in the bar when he strangled upon inhaling his own vomit.

When the trial court's ruling was made, it conformed strictly to prevailing authority (*Cole* v. *Rush,* 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137], and cases there cited). Since that ruling, however, the Supreme Court has modified the prior rule (*Vesely* v. *Sager,* 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151]). Appellant argues that *Vesely* completely reverses the former rule, not only as it barred action against the liquor seller by a third party injured by the intoxicated purchaser, but also as

---

[1] It is perhaps of interest to psychologists that decedent is separately alleged to have been "a faithful and dutiful husband and father, respectively."

it applied the doctrine of contributory negligence to the drinker in an action by him or his heirs arising out of injuries he sustained when intoxicated. We cannot agree.

*Vesely* dealt solely with the right of a third party, injured by the negligent act of a drunken driver, to recover from the person who sold drinks to that driver. At the outset of the opinion, *Vesely* specifically states: "we do not decide . . . whether a person who is served alcoholic beverages in violation of the statute may recover for injuries suffered as a result of that violation." (P. 157.)

Moreover, the ensuing discussion runs only to that portion of the old rule which turned upon the issue of proximate cause and held that the consumption rather than the furnishing of the liquor was the proximate cause of injury. ■ *Vesely* points out that one whose negligence "is a substantial factor in causing an injury, . . . is not relieved of liability because of the intervening act of a third person [the drinker] if such act was reasonably foreseeable at the time of his negligent conduct." (P. 163.) Thus the seller's negligent act remains an actionable proximate cause, even though the drinker's consumption is a contributing cause. The *Vesely* discussion emphasizes that there may be more than one actionable cause of an injury, and it follows that not every intervening act breaks the chain of causation as to an injured third party. But application of this rule of probable cause does not sustain the right of the injured drinker himself to recover. Rather, if the concurrent negligence of the plaintiff is a proximate contributing cause of his injury, his own recovery is barred by his contributory negligence. It is clear that contributory negligence of the decedent bars recovery by his heirs (*Buckley* v. *Chadwick*, 45 Cal.2d 183, 194-201 [288 P.2d 12, 289 P.2d 242]).

■ Although contributory negligence is a matter of defense, it may be raised by demurrer if its existence appears upon the face of the complaint (3 Witkin, Cal. Procedure (2d ed. 1971) §§ 817-818; 2 Chadbourn, Grossman, Van Alstyne, Cal. Pleading, p. 463).

■ Appellants, however, assert that decedent could not have been negligent in light of the allegation that he was "a habitual drunkard or an alcoholic and had lost the will power to resist the temptation when liquor was offered to him." The theory obviously is that an act must be wholly volitional if it is to constitute negligence.

Adoption of such a rule, however, would have broad and socially undesirable consequences. The compulsive drinker—whether because he could not initially resist liquor or because he drank to the point where his resistance disappeared—would be freed from the standard of the reasonable

man. The rule logically should apply to a defendant as well as to a plaintiff, with resulting immunity to the drunken driver who wreaks havoc on the highways, provided only that he could show a "compulsion" to take the drink which caused his intoxication.[2] ■ *Vesely* holds that the purpose of section 25602 is to protect "members of the general public from injuries to person . . . resulting from the excessive use of intoxicating liquor." (P. 165.) ■ That purpose would be defeated by the immunity appellants seek for the drinker himself. *Vesely* deals only with the rights of the innocent third party injured by the drinker. In light of the probable consequences of an extension of *Vesely* to negate negligence of the drinker and thus permit recovery from the seller by the drinker, the restraint of the Supreme Court in refusing to determine the drinker's right is readily understandable. In light of that purposeful restraint, it hardly befits a lower court to expand the rule in this new and potentially dangerous field.

■ Appellant's second cause of action alleges that respondents, having negligently served liquor to appellants' decedent, failed to render him aid when he became sick, unconscious, and helpless upon their premises as a result of his intoxication. ■ It is well settled that one whose negligence injures another is bound to render him aid, and that the injured party's contributory negligence in causing the injury is not a defense in such a case (*Brooks* v. *E. J. Willig Truck Transp. Co.,* 40 Cal.2d 669, 678-679 [255 P.2d 802]; *Summers* v. *Dominguez,* 29 Cal.App.2d 308, 313 [84 P.2d 237]).

■ Since *Vesely* holds that respondents' acts could be a proximate cause of the death, and since contributory negligence is not here a bar, it follows that the demurrer to the second count should have been overruled.

The third count seeks recovery on the ground that respondents, by reason of their special invitor-invitee relationship to decedent, were under a duty to render aid to him. But our holding as to the second count renders this count superfluous, and we find no error in the sustaining of the demurrer to it.

■ The fourth count alleges that respondents in fact did undertake to render aid, but did so negligently. But the second and third counts directly allege that respondents failed to render any aid. Thus it appears the allegedly negligent care consisted of no care at all. We are aware that

---

[2]We note, too, the gross problems of medical and psychiatric definition and diagnosis of the "compulsive drinker" (see, e.g., *Powell* v. *Texas,* 392 U.S. 514, 522-526 [20 L.Ed.2d 1254, 1261-1264, 88 S.Ct. 2145]).

conflicting theories may be alleged in inconsistent counts, but we are referred to no authority permitting flatly contradictory allegations of fact. Reading the complaint as a whole indicates clearly that the true factual basis for complaint is the respondents' failure to render any aid to a helpless person. Our ruling recognizes the duty of respondents to render aid under the second count. If the proof develops a negligent attempt to fulfill that duty, we have no doubt that an amendment to conform to proof will be allowed. No purpose would be served by directing overruling of the demurrer to the fourth count.

Judgment reversed as to the second count with directions to the trial court to overrule the general demurrer as to that count. In all other respects, the judgment is affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.