[Civ. No. 39220. Second Dist., Div. Three. May 24, 1972.]

KATHRYN M. SARGENT, Plaintiff and Appellant, v. HERMAN GOLDBERG, Defendant and Respondent.

## COUNSEL

Franklin Bell Gassman for Plaintiff and Appellant.

Murchison, Cumming, Baker & Velpmen and Joseph Di Giulio for Defendant and Respondent.

## OPINION

**ALLPORT, J.**—Plaintiff appeals from an order of dismissal made pursuant to Code of Civil Procedure section 581, subdivision 3 following the sus-

taining of a demurrer to her amended complaint for wrongful death without leave to amend.

It is alleged in the amended complaint as follows:

## "IV

"That on the 16th day of August, 1970, in the morning thereof, the aforesaid PORTOFINO'S ITALIAN KITCHEN and BERENDO LIQUOR STORE were opened for business and the owners thereof invited the public to enter.

## "V

"That on said date, MAYNARD SARGENT entered the store known as BERENDO LIQUOR STORE and purchased an alcoholic beverage; plaintiff is informed by the defendants herein and believes, and thereon alleges, that at the time of purchasing said alcoholic beverage, decedent was in a state appproaching drunkeness. [*sic*]

## "VI

"That immediately thereafter, decedent did enter, pursuant to invitation, the public eating place PORTOFINO'S; that almost at once the owners thereof, by and with their employees, attempted to evict decedent from the premises, and in so doing did so negligently, carelessly and improperly push, shove and restrain decedent so as to cause him to fall to the ground and strike his head.

## "VII

"That thereafter decedent was taken to a hospital in an unconscious state, and thereafter, on the 26th day of September, 1970, he died, without regaining consciousness and as a direct and proximate consequence of the acts aforesaid."

Defendants Herman Goldberg individually and dba Berendo Liquor Store demurred to the amended complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained without leave to amend with reference by the court below to *Thomas* v. *Bruza,* 151 Cal.App.2d 150, headnote 1 [311 P.2d 128].

 It is contended on appeal that under the recent case of *Vesely* v. *Sager,* 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], the amended complaint herein states a cause of action. We do not agree. In *Vesely,* the Supreme Court held that the defendant tavern keeper who had sold alcoholic beverages in violation of Business and Professions Code section

25602[1] could be liable upon a showing that such sale to an obviously intoxicated person proximately caused injury to a third person if the occurrence caused the injury and if the plaintiff was a member of the class for whose protection the statute was enacted. *Vesely* does not hold that a person to whom the liquor was sold was a member of the class to whom the statute was designed to extend protection. It does not involve injury to or death of a person to whom the sale was made and it overrules and disapproves of the cases relied upon by defendants and the court below, *Cole* v. *Rush*, 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137]; *Lammers* v. *Pacific Electric Ry. Co.*, 186 Cal. 379 [199 P. 523]; *Fleckner* v. *Dionne*, 94 Cal.App.2d 246 [210 P.2d 530], and *Hitson* v. *Dwyer*, 61 Cal.App.2d 803 [143 P.2d 952] "to the extent that they are inconsistent with this (*Vesely*) decision." In *Vesely* the court said at page 165: "In the instant case a duty of care is imposed upon defendant Sager by Business and Professions Code section 25602, which provides: 'Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor.' This provision was enacted as part of the Alcoholic Beverage Control Act of 1935 (Stats. 1935, ch. 330, § 62, at p. 1151) and was adopted for the purpose of protecting members of the general public from injuries to person and damage to property resulting from the excessive use of intoxicating liquor.

". . . . . . . . . . . . . . . . . ."

"From the facts alleged in the complaint it appears that plaintiff is within the class of persons for whose protection section 25602 was enacted and that the injuries he suffered resulted from an occurrence that the statute was designed to prevent. Accordingly, if these two elements are proved at trial, and if it is established that Sager violated section 25602 and that the violation proximately caused plaintiff's injuries, a presumption will arise that Sager was negligent in furnishing alcoholic beverages to O'Connell. (See Evid. Code, § 669.)"

The amended complaint in the instant case fails to state a cause of action even under *Vesely*. No facts are alleged from which a violation of section 25602 may be inferred. It is alleged that at the time decedent entered defendant's liquor store (presumably a package store) he was in a state "approaching drunkeness." [*sic*] There is no allegation that decedent was a "habitual or common drunkard" or an "obviously intoxicated

[1]Business and Professions Code section 25602 reads: "Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor."

person." There is no allegation that decedent consumed any of the alcoholic beverages sold to him or that his condition deteriorated in any degree as a result of his purchase at the liquor store and prior to the events causing his death. No facts are alleged from which it can be inferred that a violation of section 25602, if such existed, proximately caused the death.

In *Carlisle* v. *Kanaywer,* 24 Cal.App.3d 587 [100 Cal.Rptr. 246], an action by surviving heirs of an habitual drunkard for wrongful death proximately resulting from serving him liquor by defendants, the court of appeal distinguished the *Vesely* case as follows: "*Vesely* points out that one whose negligence 'is a substantial factor in causing an injury, . . . is not relieved of liability because of the intervening act of a third person [the drinker] if such act was reasonably foreseeable at the time of his negligent conduct.' (P. 163.) Thus the seller's negligent act remains an actionable proximate cause, even though the drinker's consumption is a contributing cause. The *Vesely* discussion emphasizes that there may be more than one actionable cause of an injury, and it follows that not every intervening act breaks the chain of causation as to an injured third party. But application of this rule of probable cause does not sustain the right of the injured drinker himself to recover. Rather, if the concurrent negligence of the plaintiff is a proximate contributing cause of his injury, his own recovery is barred by his contributory negligence. It is clear that contributory negligence of the decedent bars recovery by his heirs (*Buckley* v. *Chadwick,* 45 Cal.2d 183, 194-201 [288 P.2d 12, 289 P.2d 242]).

"Although contributory negligence is a matter of defense, it may be raised by demurrer if its existence appears upon the face of the complaint (3 Witkin, Cal. Procedure (2d ed. 1971) 817-818; 2 Chadbourn, Grossman, Van Alstyne, Cal. Pleading, p. 463)."

There was no error in sustaining the demurrer to the amended complaint without leave to amend. We can conceive of no way plaintiff could amend her complaint to establish a violation of section 25602 that would not also establish contributory negligence of decedent. (*Cole* v. *Rush, supra,* 45 Cal.2d 345, 356; *Carlisle* v. *Kanaywer, supra,* 24 Cal. App.3d 587, 591.)

The order of dismissal is affirmed.

Cobey, Acting P. J., and Schweitzer, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 19, 1972.