**Mrs. John C. VANCE, Individually and as Guardian Ad Litem for John C. Vance, et al., Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. A–84–71.**

United States District Court,
D. Alaska.

March 16, 1973.

758

Leroy J. Barker, of Robison, McCaskey, Strachan & Hoge, Anchorage, Alaska, for plaintiffs.

A. Lee Petersen, Asst. U. S. Atty., Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

PLUMMER, Chief Judge.

This case comes before the court on defendant's second motion for summary judgment. Plaintiff is seeking recovery in this action for injuries to John C. Vance and his dependents resulting from injuries sustained by Mr. Vance while he was intoxicated. Plaintiff's action is brought against the United States under the Federal Tort Claims Act, 28 U.S.C. A. §§ 1346(b) and 2674, on the theory that Mr. Vance was negligently served intoxicating liquors at the Non-Commissioned Officers' Club at Clear Air Force Station, Alaska.

Defendant's first motion for summary judgment was denied on June 21, 1972, but defendant has renewed its motion in light of two recent decisions from California, Carlisle v. Kanayer, 24 Cal.App. 3d 587, 101 Cal.Rptr. 246 (1972), and Sargent v. Goldberg, 25 Cal.App.3d 940, 102 Cal.Rptr. 300 (1972). In these cases the California Court of Appeals held that contributory negligence is a defense where the claim is based upon injuries to an intoxicated person as it is in the present case. Defendant contends that by becoming intoxicated Mr. Vance was contributorily negligent as a matter of law and that a trial is therefore unnecessary.

In its order of June 21, 1972, the court held that plaintiff's claim is cognizable under the law of Alaska and the Federal Tort Claims Act, but the court did not discuss the effect of contributory negligence.

It is necessary to begin with an examination of the effect on this case of A.S. 04.15.020(a), which makes it a crime to give or sell liquor to minors or intoxicated persons. Plaintiff does not contend that this statute creates a new civil cause of action. Compare, e. g.: Campbell v. Village of Silver Bay, 315 F.2d 568 (8th Cir. 1963); Konsler v. United States, 288 F.Supp. 895 (N.D.Ill.1968). Rather, plaintiff contends that this statute sets a minimum standard of care for purposes of the common law cause of action based upon ordinary negligence.[1] That is, plaintiff is contending that a violation of this statute is negligence per se.

In Ferrell v. Baxter, 484 P.2d 250 (Alaska 1971), the Alaska Supreme Court approved the rules of negligence per se found in Restatement (2d) of Torts at sections 286 and 288. Although Ferrell involved the violation of a traffic regulation, the court clearly did not

1. Defendant has characterized this issue as whether the statute "extends" civil liability. This terminology can only lead to confusion. In contexts such as this, a statute either *creates a cause of action* or it *sets a standard of care* (which stand-ard may or may not be adopted by the court as defining the conduct of a reasonable man, pursuant to the rules set forth in Restatement (2d) of Torts at sections 286 and 288).

intend to limit the doctrine to traffic cases. *See generally* Comment, 2 UCLA-Alaska Law Review 54, 63–67 (1972).

■ Under the Restatement rule followed in Alaska, an unexcused violation of a statute or regulation is negligence in itself if the court adopts the statute as defining the conduct of a reasonable man. (If the statute is not so adopted, a violation may be considered as evidence of negligence.) The court may and usually must adopt the statute as the minimum standard of care if the purpose of the statute is at least in part: (a) to protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results.

Applying this test to the statute in question, it is clear that requirements (b), (c) and (d) are satisfied; the statute unquestionably is designed at least in part to protect against personal injuries caused by intoxication. The principal issue is whether requirement (a) is met; that is, whether the consumer himself is within the protected class.

■■ Defendant first contends that the statute does not apply to a private club such as the Non-Commissioned Officers' Club involved in this case since drinking in such clubs is tantamount to drinking in one's own home. The short answer to this contention is that the statute proscribes not only selling liquor to an intoxicated person but also *giving* liquor to such a person. The statute draws no distinctions among the places where liquor might be served. Turning to the nub of the issue, it is apparent that, although the principal purpose of the statute may have been to protect innocent third parties from the negligence

of an intoxicated consumer, the purpose at least in part was also to protect the consumer himself. If the consumer involved in this case were a minor rather than an alleged intoxicated person, it would be logical to conclude that the statute was enacted by the Legislature to protect minors. The statute does not purport to discriminate between minors and intoxicated persons and therefore it should logically follow that both are protected. Accordingly, the court adopts A.S. 04.15.020(a) as the minimum standard of conduct for defendant's agent in the present case.

■ Since plaintiff's claim is grounded upon the alleged negligence of defendant's agent, contributory negligence would ordinarily be a defense. This is true even though the negligence may be proved by comparing the defendant's conduct to a statutory norm rather than to the hypothetical conduct of a reasonable man.[2] See Restatement (2d) of Torts section 483. However, as section 483 also points out, there are exceptional statutes which are intended to protect persons from their own misconduct and to place the entire responsibility for the harm upon the one who has violated the statute. The Restatement cites the following example:

> "Thus a statute which prohibits the sale of firearms to minors may be clearly intended, among other purposes, to protect them against their own inexperience, lack of judgment, and tendency toward negligence, and to make the seller solely responsible for any harm to them resulting from the sale. In such a case the purpose of the statute would be defeated if the contributory negligence of the minor were permitted to bar his recovery."

■ A.S. 04.15.020(a) presents an even more compelling example of a statute intended to place the entire responsi-

2. Plaintiff has argued that since a consumer is within the protected class his contributory negligence can not be a defense. This simply does not follow. For example, no one would contend that contributory negligence is not a defense in an automobile collision case where the defendant violated a traffic regulation, notwithstanding that the plaintiff was in the protected class.

bility for resulting harm upon the violator, for it is virtually impossible for the statute to be violated without contributory negligence on the part of the plaintiff-consumer. Also, like the example in the Restatement, the statute is clearly intended to protect minors from their own misconduct. Since the statute does not purport to treat sales to minors differently from sales to intoxicated persons, it should logically follow that both are protected to the same extent. The two California cases cited by defendant as the basis for renewing its motion for summary judgment, *supra,* did not take into account section 483 of the Restatement. In fact, the Restatement rules of negligence *per se* have not been adopted in California as they have in Alaska. *See* Vesely v. Sager, 5 Cal.3d 153, 95 Cal.Rptr. 623, 486 P.2d 151 (1971), applying a legislative codification of the common law rule of negligence *per se.* Nor can it be said that Mr. Vance was contributorily negligent *per se* if he is found to have violated A.S. 11.45.032 (making certain drunkenness a crime), for the purpose of that statute is obviously to prevent annoyance and not to protect one who serves liquor to an intoxicated person against civil liability. The court therefore holds that contributory negligence is not a defense to negligence *per se* based upon a violation of A.S. 04.15.020(a).

■ Defendant contends that if contributory negligence is not a defense then the case becomes one of "strict liability," and that strict liability is not consented to in the Federal Tort Claims Act. Defendant relies upon Konsler v. United States, 288 F.Supp. 895 (N.D.Ill. 1968). However, the government's liability in that case was predicated upon a Dram Shop Act which created a new civil cause of action without regard to fault. Here, plaintiff does not contend that the statute creates a new cause of action but that the statute merely sets the minimum standard of care for purposes of ordinary negligence liability. Therefore removing the defense of contributory negligence does not result in strict liability, because negligence is still required. Plaintiff's claim is still based upon an allegedly "negligent or wrongful act or omission" of a federal employee within the meaning of 28 U.S.C. § 1346(b). Compare Dalehite v. United States, 346 U.S. 15, 45, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Thus, the court's holding of June 21, 1972, that this claim is cognizable under the Federal Tort Claims Act is not impaired by its holding today that contributory negligence is not a defense to negligence *per se* based upon a violation of A.S. 04.15.020(a).

■ It is important to remember that A.S. 04.15.020(a) merely sets the *minimum* standard of care. Compliance with the statute does not relieve defendant from liability if defendant was negligent in failing to take additional precautions. Restatement (2d) of Torts section 288(c); Prosser, Law of Torts (4th Ed.) at p. 203. And if defendant's agent is found to have been negligent even though he did not violate the statute, then contributory negligence becomes a defense. Since the statutory minimum has been met, no longer is it proper to place the entire responsibility for the harm upon the violator pursuant to Restatement section 483. To this extent, then, contributory negligence remains a defense.

■ Defendant seeks to have the court hold that Mr. Vance was contributorily negligent as a matter of law. However, the defense of contributory negligence may not be adjudicated at this state of the proceedings. In Young v. State, 491 P.2d 122 (Alaska 1971), the Alaska Supreme Court held that it is error for the trial court to dismiss a claim on the ground of contributory negligence prior to a determination on the issue of negligence. Although this rule might be characterized as one of procedure and therefore not binding upon this court in a diversity case, the reasoning of the Alaska Supreme Court convinces this court that such a rule is salutary and should be followed in this case. Accordingly, unless and until defendant is found to have complied with

the statute but nevertheless to have failed to take further reasonable precautions, a determination on the question of contributory negligence would be premature.

 Dismissal at this state would be proper, however, if defendant owed no *duty* to Mr. Vance or if defendant's acts were not the *proximate cause* of plaintiff's injuries. Both duty and proximate causation are issues of law to be decided by the court and not by the trier of fact. Prosser, Law of Torts (4th Ed.) at 206 n. 7 and 244 nn. 61–62. And unlike contributory negligence, duty and proximate causation are elements of plaintiff's cause of action, in the absence of either of which plaintiff has failed to state a claim upon which relief can be granted. Disposition on this ground by motion prior to trial is authorized by Rule 12(b) of the Federal Rules of Civil Procedure. It is therefore appropriate to examine the merits of a contention that these elements of plaintiff's case are absent.

 At common law, the consumer of intoxicants was generally unable to recover against the person furnishing the drinks for personal injuries to the consumer resulting from intoxication. *See* Annotation, 54 A.L.R.2d 1152. The rationale of these cases was that the defendant's acts were not the proximate cause of the plaintiff's injuries. In a related group of cases, involving injuries caused by, rather than to, a consumer of intoxicants, the same rule historically protected the vendor from liability to such third persons, again based on the absence of proximate cause. *See* Annotation, 75 A.L.R.2d 833. However, proximate causation is a matter of public policy and therefore subject to the changing attitudes and needs of society. *See* Prosser, Law of Torts, at p. 244 et seq. The modern view, and probably the majority view, in cases involving a liquor vendor's liability to third persons is that the furnishing of intoxicants may be the proximate cause of the injuries. *See* Vesely v. Sager, 5 Cal.3d 153, 95 Cal.Rptr. 623, 486 P.2d 151 (1971), and authorities there cited. If a vendor's conduct may be the proximate cause of injuries to third persons, *a fortiori* it may be the proximate cause of injuries to the customer himself. This conclusion also refutes the alternative contention that no duty exists in these cases, for the two concepts—duty and proximate causation—involve identical questions and in cases like this are really just two ways of phrasing the same determinations of law and public policy. Prosser, Law of Torts at p. 244–245. The court therefore holds that defendant owed a duty to Mr. Vance to exercise reasonable care in dispensing intoxicating liquors and that a breach of this duty may be found to be the proximate cause of plaintiff's injuries.

 In summary, the court holds as follows. Defendant had a duty to Mr. Vance to exercise reasonable care in dispensing intoxicants, and a breach of this duty may be found to have been the proximate cause of plaintiff's injuries. Such a breach occurred if defendant violated A.S. 04.15.020(a), but a breach may also be found if defendant failed to take additional reasonable precautions. Contributory negligence is a defense only if the statute was not violated.

The court expresses no opinion on whether Mr. Vance was contributorily negligent, for to do so would be premature at this point. Nor does the court express an opinion on whether the statute was violated, whether defendant was otherwise negligent, or whether defendant's conduct was a proximate cause of plaintiff's injuries under the circumstances of this case.

It is hereby ordered that plaintiff's second motion for summary judgment is denied.