[Civ. No. 43516. Second Dist., Div. Two. Feb. 18, 1975.]

VERDENE COOPER, Plaintiff and Appellant, v.
NATIONAL RAILROAD PASSENGER CORPORATION et al.,
Defendants and Respondents.

**COUNSEL**

Harlan Arnold for Plaintiff and Appellant.

Lawler, Felix & Hall, Thomas E. Workman, Jr., and John F. Busetti for Defendants and Respondents.

**OPINION**

**FLEMING, Acting P. J.**—Plaintiff Verdene Cooper appeals the dismissal on general demurrer of her complaint for personal injuries against defendants Amtrak (National Railroad Passenger Corporation) and the Atchison, Topeka and Santa Fe Railway Company.

Plaintiff, a passenger on defendants' railroad train on 24 June 1972, in

her first count charged negligence as follows: "At said time and place, plaintiff had boarded defendants' train while in an intoxicat[ed] condition and defendants knew, or in the exercise of reasonable care, should have known of the plaintiff's said intoxicated condition.

"At said time and place, defendants, and each of them, negligently failed to provide safe passage for plaintiff and to properly care for plaintiff by selling further intoxicating beverages to plaintiff and thereby causing her to become more intoxicated and less able to provide for her own safety and welfare.

"Defendants, and each of them, were further negligent in the operation of their train by failing to provide a safe toilet facility for a carrier such as a railroad train, and for a passenger such as plaintiff.

"As a proximate result of defendants' negligence, plaintiff was caused to fall violently against the hard floor of the ladies toilet facility and thereby sustaining serious injuries to her head, neck, back and bruises over her body."

In her second count, plaintiff charged defendants with wilful misconduct in that: "[D]efendants, and each of them, with wanton and wilful disregard for the safety of plaintiff did provide to plaintiff through the sale thereof, further intoxicating beverages and thereby causing her to become more intoxicated and unable to provide for her own safety and welfare. The defendants, and each of them, knew, or should have known, that said conduct would unreasonably expose plaintiff to probable serious harm." The complaint sought recovery of medical and incidental expenses, loss of earnings, $150,000 general damages, and $450,000 punitive damages.

The trial court sustained defendants' general demurrer to the first count for failure to state a cause of action, and to the second count for failure "to plead specific facts to justify an award of punitive damages."

1. With reference to the negligence count two general principles of law are pertinent:

(1) ■ "A general demurrer challenges the sufficiency of the pleading to state *any* cause of action and must not be sustained if the pleading states facts from which any liability results, although not for some or all of the relief sought to be obtained." (*California Trust Co.* v.

*Cohn,* 214 Cal. 619, 628 [7 P.2d 297]; *Phillips* v. *Gonzales,* 44 Cal.App.2d 267, 269-270 [112 P.2d 272].) In effect, a complaint must be liberally construed to afford plaintiff her day in court and render substantial justice between the parties. (*Jackson* v. *Pacific Gas & Electric Co.,* 95 Cal.App.2d 204, 208 [212 P.2d 591].)

(2) ■ Common carriers are liable to their passengers for negligence in any degree. "Common carriers bind themselves to carry safely those whom they take into their vehicles, and owe both a duty of utmost care and the vigilance of a very cautious person towards their passengers. Such carriers are responsible for any, even the slightest, negligence and are required to do all that human care, vigilance, and foresight reasonably can do under all the circumstances." (*Acosta* v. *Southern Cal. Rapid Transit Dist.,* 2 Cal.3d 19, 27 [84 Cal.Rptr. 184, 465 P.2d 72]; *McBride* v. *Atchison, Topeka & S. F. Ry. Co.,* 44 Cal.2d 113, 116 [279 P.2d 966]; Civ. Code, § 2100.)

Plaintiff's complaint charged defendants with two different specifications of negligence: first, serving her intoxicating beverages when she was already intoxicated, thereby causing her to become more intoxicated and less able to care for her own safety; second, failing to provide a safe toilet facility, thereby causing her to fall violently against the hard floor. Under the principles of law mentioned above each specification of negligence must be considered separately.

■ The first specification of negligence does not support a cause of action. We arrive at this conclusion by each of several different routes. First, it has been said that the drinking of alcoholic beverages and not their serving is the proximate cause of any injury that results to the drinker from his own intoxication. (*Cole* v. *Rush,* 45 Cal.2d 345, 351 [289 P.2d 450, 54 A.L.R.2d 1137]; *Hitson* v. *Dwyer,* 61 Cal.App.2d 803, 808-809 [143 P.2d 952].) Second, it is also said that even though the server is negligent and in violation of law by continuing to serve alcoholic beverages to an obviously intoxicated drinker, the drinker's cause of action is barred by his own contributory negligence (*Cole* v. *Rush, supra,* p. 356), or, we think more precisely, by his voluntary assumption of the known and conspicuous risks incident to the consumption of alcoholic beverages in bars. (*McNally* v. *Addis* (1970) 65 Misc.2d 204 [317 N.Y.S.2d 157, 180]; see *Collier* v. *Stamatis* (1945) 63 Ariz. 285 [162 P.2d 125, 127-128].) One of these known and conspicuous risks is the possibility that the bartender will negligently fail to recognize the

drinker's obviously intoxicated condition.[1] Thus, when a drinker occupies a stool at the bar, he implicitly acknowledges the possibility that the bartender may negligently continue to serve him alcoholic beverages even though he has become intoxicated and accident-prone as a result of his condition. (See Rest. 2d Torts, § 496 F.)[2] Third, we note that while the bartender who serves alcoholic beverages to an obviously intoxicated patron is violating the criminal law (Bus. & Prof. Code, § 25602) the patron is likewise violating the criminal law by being drunk in a public place (Pen. Code, § 647, subd. (f)). We have here a classic instance of parties *in pari delicto,* or equal criminal fault, and in their relationship to one another the law normally leaves the parties in the condition it finds them.

We think each of the foregoing expressions of law reflects the basic view of society that self-police provides the primary defense against the evils of intoxication and outside police plays only a secondary role. A failure of primary policing is not excused or condoned by a failure of secondary policing, and the person with primary responsibility has no recourse for losses against one who is only secondarily responsible. This for the reason put forth by the Supreme Court of Connecticut in *Nolan* v. *Morelli* (1967) 154 Conn. 432 [226 A.2d 383, 387]: "To recompense in damages an injury to an intoxicated person or his property resulting from his own overindulgence in intoxicating liquor might, quite properly, be felt by the General Assembly to encourage, rather than to discourage, such overindulgence." Although *Vesely* v. *Sager,* 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 161], holds that a third person has a cause of action against the server for violation of the statutory duty not to furnish alcoholic beverages to an obviously intoxicated person, contrary to plaintiff's assertion the ruling does not alter the existing rule of nonliability of server to drinker. (*Sargent* v. *Goldberg,* 25 Cal.App.3d 940, 943 [102 Cal.Rptr. 300]; *Carlisle* v. *Kanaywer,* 24 Cal.App.3d 587, 591 [101 Cal.Rptr. 246].) Plaintiff, therefore, bears the responsibility for injuries to her person resulting from her own intoxication, and she may not shift that responsibility to another.

---

[1]Obvious intoxication is often recognizable only after the fact, and what is patent when the drinker falls off his bar stool may have been only latent 60 seconds earlier (cf. *Hitson* v. *Dwyer,* 61 Cal.App.2d 803 [143 P.2d 952]). Visual diagnosis of intoxication has not greatly improved upon Peacock's rough and ready classification of 1829: "Not drunk is he who from the floor Can rise alone and still drink more; But drunk is he, who prostrate lies, Without the power to drink or rise."

[2]Because we view the drinker's conduct as a voluntary assumption of the risk, we do not reach the question of the viability of the traditional doctrine of contributory negligence, a question now before the Supreme Court in *Li* v. *Yellow Cab Company,* L.A. No. 30277.

■ However, plaintiff's second specification of negligence states a cause of action. The duty of care imposed on a common carrier of passengers includes the duty to furnish safe facilities for their passage. (Civ. Code, § 2101; · *Greyhound Lines, Inc.* · v. *Superior Court,* 3 Cal.App.3d 356, 358-360 [83 Cal.Rptr. 343].) The standard of care imposed on the carrier varies with the form of carriage provided and the reasonably foreseeable dangers inherent in the particular carriage. In the instance of a high-speed railroad passenger train the carrier's duty to furnish a safe toilet facility may involve such matters as the slipperiness of the toilet floor (*Wagner* v. *Missouri-Kansas-Texas Railroad Co.* (Mo.) 275 S.W.2d 262, 50 A.L.R.2d 1062), the adequacy of such safety appliances as handrails (*McNealy* v. *Illinois Central Railroad Company,* 43 Ill.App.2d 460 [193 N.E.2d 879]; see Annot., 50 A.L.R.2d 1071), and the sufficiency of illumination. Plaintiff's general allegation that defendants were negligent in not providing a safe toilet facility does not reveal the exact nature of the claimed defect, but against general demurrer "a cause of action may be stated in which negligence is alleged in general terms, without detailing the specific manner in which the injury occurred." (*Guilliams* v. *Hollywood Hospital,* 18 Cal.2d 97, 101 [114 P.2d 1].)

■ Defendants contend the allegations of self-intoxication establish plaintiff's contributory negligence as a matter of law. But the charge of negligent provision of a safe toilet facility does not automatically fall with plaintiff's admission of intoxication. "The fact that a person when injured was intoxicated is not in itself evidence of contributory negligence, but it is a circumstance to be considered in determining whether his intoxication contributed to his injury. If it did he cannot recover. If it did not it will not excuse the defendant's negligence. Ordinarily it is a matter to go to the jury." (*Coakley* v. *Ajuria,* 209 Cal. 745, 752 [290 P. 33].) The annotation at 17 A.L.R.2d 1085 discusses at length the liability of a common carrier to intoxicated passengers and summarizes the state of the law on contributory negligence (at p. 1105): "While intoxication rendering a passenger reckless or indifferent to consequences is not an excuse for his acts, it is the generally accepted view that voluntary intoxication will not, on the other hand, constitute contributory negligence as a matter of law, such question generally being one for the jury." (See, e.g., *McMahon* v. *New York, N.H. & H.R. Co.* (1950) 136 Conn. 372 [71 A.2d 557, 17 A.L.R.2d 1081]; *Fox* v. *Michigan Cent. R. Co.* (1904) 138 Mich. 433 [101 N.W. 624, 626]; *Lawson* v. *Seattle & R. R. Co.* (1904) 34 Wash. 500 [76 P. 71, 72-73]; *Trumbull* v. *Erickson* (8th Cir. 1899) 97 F. 891, 893; *Fardette* v. *New York & S. Ry. Co.* (1920) 190 App.Div. 543 [180

N.Y.S. 179, 181-182].) To give an old California rule a new application, "A drunken man is as much entitled to a safe [toilet], as a sober one, and much more in need of it." (*Robinson* v. *Pioche, Bayerque & Co.,* 5 Cal. 460, 461.)

2. ■ We agree with the trial court that the second count does not state sufficient facts to support a cause of action for wilful misconduct. The claim for exemplary damages is founded on defendants' alleged "wanton and wilful disregard for the safety of plaintiff" in selling her intoxicating beverages. As we have seen, the sale of intoxicating beverages to plaintiff does not itself give rise to a cause of action by plaintiff against the seller. (*Cole* v. *Rush,* 45 Cal.2d 345, 348 [289 P.2d 450, 54 A.L.R.2d 1137].) While a sale of intoxicating beverages with specific and malicious intent to injure plaintiff would give rise to a cause of action for intentional infliction of injury, plaintiff has pleaded no facts from which a specific and malicious intent to injure could be inferred. (*Cohen* v. *Groman Mortuary, Inc.,* 231 Cal.App.2d 1, 8-9 [41 Cal.Rptr. 481]; *Ebaugh* v. *Rabkin,* 22 Cal.App.3d 891, 894-895 [99 Cal.Rptr. 706].)

The judgment of dismissal is reversed on the first count and affirmed on the second count. The parties will bear their own costs on appeal.

Compton, J., and Beach, J., concurred.