Paula Kennedy QUINIONEZ, and Jesse Allan Quinionez, a minor, by his guardian ad litem, Paula Kennedy Quinionez, Appellants,

v.

UNITED STATES of America, Appellee.

No. 74–1024.

United States Court of Appeals, Ninth Circuit.

Nov. 10, 1975.

James Longtin (argued), of Huseman & Longtin, Lompoc, Cal., for appellants.

Clarke A. Knicely, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee.

OPINION

Before CHAMBERS and GOODWIN, Circuit Judges, and TAYLOR,* District Judge.

* The Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

PER CURIAM:

Plaintiff appeals the dismissal of her wrongful-death action against the United States under the Federal Tort Claims Act. At the time of the challenged ruling, contributory negligence was a complete bar to tort recovery in California, and hence a bar under the Federal Tort Claims Act. In light of the recent California Supreme Court decision in *Nga Li v. Yellow Cab Co.*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975), we vacate the order of dismissal and remand for further proceedings.

Plaintiff's decedent, Alejandro Quinionez, 17, was an employee of the Non-Commissioned Officers Open Mess at Vandenberg Air Force Base, California. The complaint alleges that on December 28, 1969, the officers, managers, and supervisors of the club held an employees' party at the club at which alcoholic beverages were to be served. The defendant, known to be a minor, was invited; he attended, and consumed alcoholic beverages. While driving home after the party, decedent lost control of his car, crashed into a tree, and was killed in the ensuing fire.

The complaint was filed in 1972, and the proceedings were stayed pending a determination of whether the controversy was subject to the workmen's compensation procedures applicable to employees in decedent's classification. An administrative law judge determined that the events in question were outside the scope of that workmen's compensation act, and the case was placed back on calendar.

The district court applied the then current California law to the substantive claims before it, *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), and determined that, on the face of the complaint, plaintiff's decedent was contributorily negligent in consuming the alcohol and that such contributory negligence was a complete bar to recovery. *Carlisle v. Kanaywer*, 24 Cal.App.3d 587, 101 Cal.Rptr. 246 (Ct. App., 1st Dist., 1972); *Sargent v. Goldberg*, 25 Cal.App.3d 940, 102 Cal.Rptr. 300 (Ct.App., 2d Dist., 1972).

However, in light of the recent California Supreme Court case of *Nga Li v. Yellow Cab Co., supra*, the defense of contributory negligence is no longer a bar. Further, the California court made the rule of comparative negligence retroactive to any case "in which trial has not begun" as of the date *Nga Li* became effective. 13 Cal.3d at 829, 119 Cal.Rptr. at 876, 532 P.2d at 1244. Accordingly, the complaint does state a claim and the litigation should proceed.

The government's reliance on *Cooper v. National R.R. Passenger Corp.*, 45 Cal. App.3d 389, 394 n. 2, 119 Cal.Rptr. 541, 544 n. 2 (1975), is misplaced. There the Court of Appeal held the plaintiff's behavior to be "assumption of the risk", trying to distinguish it from the "doctrine of contributory negligence, a question now before the Supreme Court in *Li v. Yellow Cab Co.* * * *." 45 Cal. App.3d at 394 n. 2, 119 Cal.Rptr. at 544 n. 2. The final opinion in the *Nga Li* case, however, specifically recognizes that a portion of the assumption-of-the-risk doctrine would be "subsumed under the general process of assessing liability in proportion to fault * * *." 13 Cal.3d at 826, 119 Cal.Rptr. at 874.

The trial court should vacate its dismissal, reinstate the complaint, and proceed with the case.