[Civ. No. 47730. Second Dist.. Div. Two. May 14, 1976.]

JANET KAY ROSE et al., Plaintiffs and Appellants, v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, LOCAL NO. 11, Defendant and Respondent.

## COUNSEL

Nielsen, Hales & Hayden and Erwin C. Nielsen for Plaintiffs and Appellants.

Robert A. Bolton for Defendant and Respondent.

## OPINION

**COMPTON, J.**—Plaintiffs who are the surviving widow and minor child of Ricky Dean Rose, deceased, appeal from a judgment of partial dismissal entered after the sustaining of a demurrer without leave to amend their complaint for wrongful death brought against defendant International Brotherhood of Electrical Workers, Local No. 11 (IBEW).

The allegations of the complaint set forth that the deceased, a member of the IBEW, attended a picnic sponsored by that organization on May 18, 1975. The picnic was held at a park in Soledad Canyon near Newhall.

During the eight hours or so that deceased was at the picnic he consumed large quantities of beer which was furnished free of charge. Deceased became intoxicated and while in such condition attempted to drive home. A short distance from the park deceased failed to negotiate a curve. His car left the road and crashed at the bottom of a canyon. Two passengers in the car were injured.[1]

The theory of plaintiffs' cause of action is that defendant was negligent when its agents, in violation of Business and Professions Code section 25602[2] furnished deceased with an intoxicating beverage while he was obviously in a state of intoxication.

The trial court's reasons for its ruling in sustaining the demurrer are reflected in a minute order of February 27, 1975 as follows: "(a) The complaint on its face shows plaintiff[3] was contributorily negligent; (b) The complaint on its face shows plaintiff assumed the risk; and (c) The complaint on its face shows plaintiff was in violation of Penal Code Section 647, being drunk in a public place, and therefore is *in pari delicto* with the defendant and the Court should leave the parties where it finds them."

---

[1]The two passengers instituted action against IBEW and other persons and entities connected with the operation of the park and picnic. These plaintiffs are not parties to this appeal nor are other defendants who were joined as defendants by all plaintiffs.

[2]Business and Professions Code section 25602 provides: "Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor."

[3]The use of the word plaintiff here appears to be an inadvertence on the part of the trial court in referring to the conduct of the deceased. Obviously the conduct of the deceased is the critical issue in determining whether the surviving spouse and child may recover for his death on the basis that it was "wrongfully" caused by the defendant. (*Buckley* v. *Chadwick*, 45 Cal.2d 183 [288 P.2d 12, 289 P.2d 242].)

Judgment of dismissal was entered April 11, 1975.

On March 31, 1975, the Supreme Court filed its opinion in *Li* v. *Yellow Cab Co.,* 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226]. The effect of that decision was that, *as to cases commencing trial after May 1, 1975,* the doctrine of comparative negligence would apply and contributory negligence on the part of plaintiff would not act to completely bar recovery.

■ Contrary to plaintiffs' contention on appeal, the case at bar is not within the ambit of the *Li* decision. This case commenced trial and was "tried" prior to the effective date of *Li.* The sustaining of a demurrer after a determination of the legal issues raised thereby followed by a judgment of dismissal constitutes a trial. (*Berri* v. *Superior Court,* 43 Cal.2d 856 [279 P.2d 8]; *McDonough Power Equipment Co.* v. *Superior Court,* 8 Cal.3d 527 [105 Cal.Rptr. 330, 503 P.2d 1338].)

■ Beyond that we are of the opinion that even applying the holding in *Li* to plaintiffs' complaint that complaint would remain vulnerable to a general demurrer. Although *Vesely* v. *Sager,* 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], held that violation of the statutory duty imposed by Business and Professions Code section 25602 could constitute a contributing cause of injury in a case brought against the violator by third persons injured as a result of an inebriate's conduct, that case did not authorize an action by the inebriate himself. (*Carlisle* v. *Kanaywer,* 24 Cal.App.3d 587 [101 Cal.Rptr. 246].) Section 25602 was adopted for the protection of the public and not the inebriate. (*Hitson* v. *Dwyer,* 61 Cal.App.2d 803 [143 P.2d 952].)

In *Cooper* v. *National Railroad Passenger Corp.,* 45 Cal.App.3d 389 [119 Cal.Rptr. 541], this court rejected an attempt by an injured inebriate to impose liability on the server of alcoholic beverages on the basis that the latter had violated section 25602.

The basis of our holding was (1) that the drinking of alcoholic beverages and not the serving is *the* proximate cause of any injury that results to the drinker from his own intoxication (*Cole* v. *Rush,* 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137]; *Hitson* v. *Dwyer, supra*); (2) that the drinker's cause of action is barred by his voluntary assumption of a known risk, and (3) that the drinker who becomes drunk in a public place, in violation of Penal Code section 647, subdivision (f), is *in pari*

*delicto* with the person who served him in violation of Business and Professions Code section 25602.

*Cooper* v. *National Railroad Passenger Corp., supra,* was filed prior to the decision in *Li* but that decision was not unanticipated as Mr. Justice Fleming perceptively pointed out in footnote 2, at page 394, when he stated: "Because we view the drinker's conduct as a voluntary assumption of the risk, we do not reach the question of the viability of the traditional doctrine of contributory negligence, a question now before the Supreme Court in *Li* v. *Yellow Cab Company,* L.A. No. 30277."

True, in *Li, supra,* the Supreme Court also abolished the defense of assumption of the risk "to the extent that it is merely a variant of the former doctrine of contributory negligence; . . ." (p. 829) but here the conduct of the deceased was not merely a variant of contributory negligence, it was the type of voluntary assumption of a known and patent risk that bars recovery even in strict liability cases. (See Rest.2d Torts, § 402a; *Venzor* v. *Santa Barbara Elks Lodge, No. 613* (1976) 56 Cal.App.3d 209 [128 Cal.Rptr. 353], hg. den. May 6, 1976.)

In fact on each score the denial of recovery in the case at bar is more strongly indicated than in *Cooper* where the injury resulted from a simple fall.

Here the deceased not only consumed excessive amounts of alcohol but he compounded that wrongful behavior by undertaking, in that condition, to drive an automobile carrying passengers down a winding road. It was this conduct which was *the* proximate cause of the death. Further, as to the doctrine of pari delicto, the crime of violating Vehicle Code section 23101, which is a felony, or section 23102, which is a misdemeanor, are infinitely more serious and culpable offenses than simple public intoxication.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.