Opinion
FLEMING, J.
Personal injury action. Defendant appeals from the trial court’s order dismissing his cross-complaint (as well as from the nonappealable order of the court sustaining a demurrer to his cross-complaint). The complaint filed by defendant’s separated wife and minor children (plaintiffs) alleges that when intoxicated defendant drove onto the driveway of plaintiffs’ home, stopped and passed out in the automobile. While plaintiff wife was trying to awaken him the vehicle began to roll backwards and the wife was run over and badly injured. The children came to her rescue and suffered emotional trauma. Defendant seeks to cross-complain against respondent on the theory that respondent contributed to the injury by knowingly serving him liquor while he was intoxicated, with knowledge of his condition. After the court dismissed the cross-complaint, plaintiffs served respondent as well as defendant and they arc now all codefendants.
Defendant’s contention is that under American Motorcycle Assn. v. Superior Court (1977), hearing granted February 11,1977, he is entitled to *802 contribution in proportion to fault against respondent.[1] Since respondent is now a party to the action, however, defendant’s contention that he has a right to make respondent a party to the action is moot. Other contentions on the appeal are premature, since we do not know whether or to what degree the trier of fact will assess fault against any of the defendants.
This appeal is dismissed as premature. Appellant to pay his own costs.
Roth, P. J., and Compton, J., concurred.

Under pre-Li law, (Li v. Yellow Cab Co. (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]) defendant had no right on these facts to bring a joint tortfeasor into the action via cross-complaint or otherwise (see discussion in vacated opinion in American Motorcycle Assn. v. Superior Court, but did have a limited right of contribution against the joint tortfeasor under Code of Civil Procedure sections 875 and 876, provided that the tortfeasor was a codefendant and a joint judgment against all had been rendered. Further, under pre-Li law, the provider of intoxicating beverages to an inebriated person might be liable to injured third parties, but was generally protected by the doctrine of contributory negligence from any liability to the inebriate himself. (See Carlisle v. Kanaywer (1972) 24 Cal.App.3d 587 [101 Cal.Rptr. 246].) Accordingly, before Li, defendant had no right to file a cross-complaint against respondent because respondent was not substantively liable to him and accordingly not bound to indemnify him. Since, however, the theory of nonliability to the inebriate was bottomed on the doctrine of contributory negligence, which the court discarded in Li, it is now unclear whether there is liability and similarly unclear what rights of indemnification, if any, defendant now has against respondent.