Stanley **ALLISON**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. No. 1937–D.

United States District Court
E. D. Illinois.
Jan. 26, 1967.

John A. Lambright, Danville, Ill., for plaintiff.

Eugene N. Hamilton, and A. T. Giattina, Dept. of Justice, Washington, D. C., Raymond F. Rose, Asst. U. S. Atty., Danville, Ill., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WISE, District Judge.

A trial of the issues in this case was had before the Court without a jury on December 5, 1966. Upon a review of the pleadings and after hearing all of the evidence presented by the plaintiff and the government, as well as argument of counsel, all of which were fully considered, this court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff, a resident of the State of Illinois, filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for injuries allegedly caused by the negligence of defendant's agents or employees acting within the scope and course of their employment.

2. During a period from two months to one year prior to May 6, 1961, one Leonard Belson, d/b/a Paxton Salvage Company, at Paxton, Illinois, purchased as scrap certain hydraulic shock absorbers along with other scrap material from Chaunte Air Force Base, Rantoul, Illinois. These hydraulic shock absorbers were previously a part of the landing gear of an airplane from Chanute Air Force Base. The contract of sale specified that the material was purchased on an "as is" basis and that it was sold as scrap without warranty that it was fit for that purpose.

3. Plaintiff was an employee of said Leonard Belson and on the date of the accident, May 6, 1961, was engaged in cutting one of these shock absorbers with an acetylene torch when it "exploded."

4. The landing gear shock absorber contained hydraulic fluid which will not explode when heat is applied to it under atmospheric conditions.

5. Said landing gear shock absorbers are not inherently or unreasonably dangerous.

6. That the plaintiff had not vented the shock absorber on which he was working at the time of the accident, nor did he know it to be vented and had assumed it was like the one the day before.

7. Plaintiff's employer and foreman, two experienced welders, testified that it is the standard safe practice among welders to make sure that any sealed container has an air hole in it before applying to it an acetylene or other cutting torch. This procedure is followed so as to prevent thermal expansion and avoid the danger of an explosion. Plaintiff's employer and foreman stated that it was their practice to follow this procedure in their business before cutting on landing gear shock absorbers similar to the one involved in this case.

8. That plaintiff had prior experience in the use of torches and knew of the

danger involved and of the proper precautions that should be. taken.

9. That plaintiff failed to exercise reasonable care for his own safety and was therefore contributorily negligent.

10. The proximate cause of the accident was plaintiff's own failure to exercise reasonable care for his safety at the time and place in question, and such failure amounted to negligence on his part which bars any claim for recovery of damages for his injuries.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter of this suit.

2. In order to hold the defendant, United States of America, liable for plaintiff's injuries under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), plaintiff is required to prove some act of misfeasance or non-feasance of a Government employee acting within the scope of his office or employment under such circumstances that the United States, if a private citizen, would be liable under Illinois law.

3. The United States was under no duty to warn plaintiff of obvious dangers involved and of standard safe practices of his craft.

4. The United States, as a seller of scrap to a scrap dealer, is under no duty to warn persons handling said scrap unless there is some reason to suppose that a warning is necessary.

5. The United States, as a seller of scrap, is not bound to anticipate or reasonably foresee a danger occasioned by an extraordinary use of the article or the misuse of such article by a careless or incompetent person.

6. The court concludes as a matter of law that the United States was not guilty of any negligence which proximately caused the plaintiff's injury.

7. To establish liability for personal injuries against the United States under the Federal Tort Claims Act, plaintiff must prove a negligent act or omission by a Government employee and cannot base liability on a theory that has its origin in warranties, product liability, or absolute liability. Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); United States v. Page, 350 F.2d 28, (C.A.10, 1965).

Let judgment be entered accordingly.