**Carl KONSLER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 67 C 780.**

United States District Court
N. D. Illinois, E. D.

June 26, 1968.

Drake Leoris, Chicago, Ill., for plaintiff.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Defendant's Motion to Dismiss

This action is brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346. Plaintiff, Carl Konsler, claims he was injured when his automobile was struck by one driven by George E. Davis, who was intoxicated at the time. Davis had alleg-

edly become intoxicated from liquor purchased at the Fort Sheridan Non-Commissioned Officer's Club, located on the Fort Sheridan, Illinois, military base maintained by the United States Army. The lawsuit is hinged upon the provisions of the Illinois Dram Shop Act, Chap. 43, § 135, Ill.Rev.Stat. That Act provides a right of action in favor of one who is injured by an intoxicated person, against any person who caused such intoxication, in whole or in part, by "selling or giving alcoholic liquor."

The United States has moved to dismiss on a variety of grounds. We need consider only one of those, for it will be dispositive.[1]

The United States has waived its sovereign immunity from suit, in the Tort Claims Act, but only to the extent provided therein. The Act provides: (in pertinent part)

> " * * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for injury or loss of property, or personal injury or death *caused by the negligent or wrongful act or omission* of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the accident or omission occurred. (emphasis supplied) (28 U.S.C.A. § 1346(b) ).

Hence, the Government has consented to suit only for "negligent or wrongful" acts or omissions which "caused" death or injury.

In Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1952), the Supreme Court held that the United States has not waived its immunity to theories of absolute liability, and that the Act meant what it said in stating that suit lies only for "negligent or wrongful act[s] or omission[s]". Many cases have adhered to Dalehite. See e. g., United States v. Hull, 195 F.2d 64 (1st Cir.1952) ; United States v. Page, 350 F.2d 28 (10th Cir.1965) ; United States v. Taylor, 236 F.2d 649, 653 (6th Cir.1956) ; Allison v. United States, 264 F.Supp. 1021 (E.D.Ill.1967).

■ Therefore, it is settled that the Federal Tort Claims Act requires a "negligent or wrongful" act that has caused injury as understood under traditional concepts of tort liability. But it is equally well settled that the Dram Shop Act imposes liability without fault, and does not require a showing of negligence. Osinger v. Christian, 43 Ill.App. 2d 480, 485, 193 N.E.2d 872 (1963) ; Lichter v. Sher, 11 Ill.App.2d 441, 452, 138 N.E.2d 66 (1956) ; Robertson v. White, 11 Ill.App.2d 177, 184, 136 N.E. 2d 550 (1956) ; Danhof v. Osborne, 11 Ill.2d 77, 142 N.E.2d 20, 65 A.L.R.2d 917 (1957). Indeed, plaintiff's complaint does not allege that defendant committed a "negligent or wrongful" act. Hence, a cause of action premised upon the Dram Shop Act seeks to recover on a theory of absolute liability, and must fail when asserted against the United States. Dalehite v. United States, supra.

Two cases in this District have considered the same issues, and have reached opposing conclusions. In Garfield v. United States, No. 64 C 1155 (N.D.Ill. October 29, 1965), Judge Deck-

---

1. The issues not necessary to decide, are these: (1) The Dram Shop Act imposes liability upon an activity which is a discretionary function of the United States, so that 28 U.S.C. § 2680(a) interposes a bar to suit against the United States; (2) The term "person" in the Dram Shop Act does not apply to the United States, since the Act applies only to persons required to be licensed to sell alcoholic beverages in Illinois. The United States cannot be compelled to be licensed; (3) The Dram Shop Act is regulatory and penal *per se*, and, therefore, is inapplicable to a federal instrumentality.

er dismissed a complaint against the United States premised on the Dram Shop Act, brought under the Tort Claims Act, on the basis of *Dalehite*. But in Hanna v. United States, No. 64 C 191, (N.D.Ill. November 18, 1964), Judge Robson denied a motion to dismiss by the United States on the same ground, stating: (at p. 3–4 of the transcript)

"The Government contends that since the complaint alleges no negligent act or omission, a Dram Shop violation cannot come within the purview of the FTCA. However, although an allegation of negligence is not required by the Dram Shop Statute, a substantive violation of that statute could constitute a 'negligent or wrongful act or omission' under the Tort Claims Act. The United States incorrectly assumes that the Dram Shop standard for liability, rather than the fact of violation, should be the FTCA criterion."

Aside from the fact that no negligence is pleaded by the instant plaintiff, it is submitted, with all respect, that Judge Robson's interpretation misconceives the nature of the Dram Shop Act. Certainly, a given violation of the Act could involve direct causal negligence for plaintiff's injuries. Such a case might be one where the bar owner served liquor to an obviously intoxicated person.[2] But every statute imposing liability without fault necessarily will include within its purview a proportion of cases where actual negligence could have been proven, if necessary. But the Illinois Dram Shop Act cannot be asserted as a basis for liability because it requires no allegation of negligence. A cause of action asserted thereunder which also alleges negligence as a basis for liability under the Act, pleads the same cause of action as if the allegations respecting negligence

were absent. The claim created under the Act is not capable of division into several theories. It simply creates an action for liability without fault. Thus Judge Robson's distinction between the standard of liability, and the fact of violation is without significance, in our judgment. Violation based upon direct negligence creates the same liability as that based upon absolute liability.

Hence, under *Dalehite*, plaintiff cannot maintain a cause of action based on the Dram Shop Act.

■ But, plaintiff argues, he may still assert a common law action for the same acts covered by the Dram Shop Act. First, his complaint contains no such allegations. Secondly, his argument was answered and denied by the Illinois Supreme Court in Cunningham v. Brown, 22 Ill.2d 23, 174 N.E.2d 153 (1961), which held that the Dram Shop Act remedy is exclusive. See also Howlett v. Doglio, 402 Ill. 311, 83 N.E.2d 708, 6 A.L.R.2d 790 (1949); Busser v. Noble, 22 Ill.App.2d 433, 161 N.E.2d 150 (1959).

That, absent the Dram Shop Act, a common law cause of action would have been proper, as was intimated in *Cunningham*, supra at 29–30, and Colligan v. Cousar, 38 Ill.App.2d 392, 187 N.E.2d 292 (1963), is of no aid to plaintiff. For as those cases recognized, the Legislature *has* spoken, and in exclusive terms. As a result, the common law action never evolved. Furthermore, both of those cases addressed themselves to the situation referred to above, where the sale was made to an intoxicated person, a factual situation not here alleged.

The Government's motion to dismiss is sustained.

---

**2.** Some Dram Shop Acts only imposed civil liability where the seller sells alcoholic beverages to an intoxicated person. See Mich.Stat.Ann. §§ 18.993 [Comp.Laws 1948, § 436.22, Pub.Acts 1961, No. 224] and 18.1000 [Comp.Laws 1948, § 436.-29]. The Illinois Act imposes liability whether the purchaser is intoxicated or sober. Lichter v. Scher, 11 Ill.App.2d 441, 138 N.E.2d 66 (1956).