United States Court of Appeals,

Fifth Circuit.

No. 95-60447.

Pat TATUM, as trustee for Oxford Insurance Agency, Inc. Profit Sharing Plan and Trust;  Waller Funeral Home;  Patricia M. Miller;  Winn Walcott, M.D.;  Bernie L. Smith, Jr.;  Lucille J. Smith, Plaintiffs-Appellants,

v.

LEGG MASON WOOD WALKER, INC., Legg Mason Howard Weil Division, formerly Howard, Weil, Labouisse, Friedrichs, Inc.;  J.C. Bradford and Company;  Howard, Weil, Labouisse, Friedrichs, Inc., Defendants-Appellees,

and

Institutional Financial Services, Inc., doing business as Bernie L. Smith & Associates;  Bernie L. Smith, Defendants.

May 20, 1996.

Appeal from the United States District Court for the Northern District of Mississippi.

Before WISDOM, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:

Defendant Bernie L. Smith III ("Smith") ran a financial advising and planning business.  Plaintiffs Pat Tatum, Waller Funeral Home, Patricia M. Miller, Dr. Winn Walcott, and Smith's parents—Bernie L. Smith, Jr., and Lucille J. Smith—invested funds with Smith's business.  Smith originally invested these funds in stock and mutual funds.  Then he began speculating in the commodities market.  Smith became affiliated with Defendant Howard, Weil, Labouisse, Friedrichs, Inc., ("Howard Weil") a commodities brokerage firm.  When his commodities accounts performed poorly, Smith attempted to cover his losses by liquidating Plaintiffs'

stock and mutual fund investments without Plaintiffs' knowledge or permission. Smith later moved his commodities accounts to Defendant J.C. Bradford & Company ("J.C. Bradford").[1] Smith continued to raid Plaintiffs' funds in order to cover his losses. Smith was eventually convicted of five counts of mail fraud and was sentenced to forty-two months' imprisonment. Plaintiffs filed suit against Smith, Smith's business, Howard Weil, and J.C. Bradford, alleging federal claims under the Commodities Exchange Act, the Securities Exchange Act, and the civil RICO Act. Plaintiffs also alleged state law claims under the Mississippi Securities Act and the common law of negligence and respondeat superior. Howard Weil and J.C. Bradford filed motions for summary judgment, which the district court granted. Upon motion of the Plaintiffs, the district court certified its summary judgment order as a final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiffs timely filed their notice of appeal, challenging only the dismissal of their Commodities Exchange Act claims for strict liability, their Commodities Exchange Act claims for "aiding and abetting" liability, and their Mississippi common law claims for negligence and respondeat superior. We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 617-18 (5th Cir.1994).

---

[1]The Commodities Futures Trading Commission ("CFTC") regulates the commodity markets. Both Howard Weil and J.C. Bradford are Futures Commission Merchants, and are thus subject to the provisions of the Commodities Exchange Act and the regulations of the CFTC.

Plaintiffs first assert that the district court erred in dismissing their claims under the Commodities Exchange Act. A Futures Commission Merchant is strictly liable for the Commodities Exchange Act violations of its brokers if such violations occur within the scope of employment. 7 U.S.C. § 4; *Stewart v. GNP Commodities, Inc.,* 851 F.Supp. 283, 285 (N.D.Ill.1994), *aff'd in part and vacated in part sub nom., Cunningham v. Waters Tan & Co.,* 65 F.3d 1351 (7th Cir.1995). A plaintiff establishes a commodities violation for fraud by a commodities broker only if such fraud is perpetrated "in connection with" an order for the sale of a commodity on behalf of the plaintiff. 7 U.S.C. § 6b(a); *Kearney v. Prudential-Bache Securities, Inc.,* 701 F.Supp. 416, 421 (S.D.N.Y.1988).[2] Plaintiffs in this case never intended to purchase commodities. Smith liquidated their securities investments to cover his losses in the commodities market without Plaintiffs' knowledge or permission. Plaintiffs were never parties to an order for the sale of a commodity, and thus they do not satisfy the "in connection with" requirement of § 6b(a). *See Crummere v. Smith Barney, Harris Upham & Co., Inc.,* 624 F.Supp. 751, 755 (S.D.N.Y.1985) (holding that plaintiff had not established the "in connection with" requirement under § 10b where the misrepresentations alleged were unrelated to the actual securities traded). Smith's actions may give rise to a common law claim for

---

[2]In interpreting the "in connection with" requirement of the Commodities Exchange Act, courts generally look to interpretations of the "in connection with" requirement of § 10(b) of the Securities Exchange Act. *Kearney,* 701 F.Supp. at 424.

conversion, but Plaintiffs do not thereby state a claim for relief under the Commodities Exchange Act.[3]  The district court did not err in granting summary judgment for Howard Weil and J.C. Bradford on Plaintiffs' claims under the Commodities Exchange Act.

Plaintiffs next assert that the district court erred in dismissing their claims against Howard Weil and J.C. Bradford under the Mississippi common law doctrines of respondeat superior and negligence.  Under Mississippi law, a broker-dealer may be held vicariously liable under the doctrine of respondeat superior for the tortious acts of a representative who converts investors' funds for his own use only if the representative was acting within the scope of his representative status.  *FSC Securities Corp. v. McCormack,* 630 So.2d 979, 985-86 (Miss.1994).  Plaintiffs have presented no evidence to establish that Smith was acting within the scope of his representative status when he converted their securities investments.  As indicated above, Smith converted Plaintiffs' investments without their knowledge or permission. Smith never held himself out to Plaintiffs as a representative of Howard Weil or J.C. Bradford.  Nor is there any evidence that Plaintiffs thought that Smith was acting as a representative of

---

[3]In order to recover damages from a secondary party in an action for "aiding and abetting" liability under the Commodities Exchange Act, a plaintiff must first prove that a primary party committed a commodities violation. *See Abbott v. Equity Group, Inc.,* 2 F.3d 613, 621 (5th Cir.1993) (stating elements of cause of action for "aiding and abetting" liability under the Securities Exchange Act).  Because we hold that Plaintiffs have not stated a claim against Smith under the Commodities Exchange Act, we must also necessarily hold that Plaintiffs have not stated a claim against Howard Weil and J.C. Bradford for "aiding and abetting" liability.

Howard Weil or J.C. Bradford in connection with their investments. Accordingly, Plaintiffs have not presented a genuine issue of disputed fact with regard to their common law claims against Howard Weil and J.C. Bradford under the doctrine of respondeat superior.

Under Mississippi law, a broker-dealer operating a non-discretionary account has no duty to determine the suitability of a customer's trades or to prevent the customer from losing money. *Puckett v. Rufenacht, Bromagen & Hertz, Inc.,* 587 So.2d 273, 279 (Miss.1991). Smith's accounts with both Howard Weil and with J.C. Bradford were non-discretionary accounts. Since Howard Weil and J.C. Bradford owed no duty to Smith, they necessarily owed no duty to Plaintiffs. Accordingly, Plaintiffs do not state a cause of action against Howard Weil or J.C. Bradford for negligence. Accordingly, the district court did not err in granting summary judgment for Howard Weil and J.C. Bradford on Plaintiffs' claims brought under Mississippi common law.

Based on the foregoing, we AFFIRM.