**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-60680
Summary Calendar

EDWIN E. MEEK AND HELEN R. MEEK,

Plaintiffs-Appellants,

VERSUS

HOWARD, WEIL, LABOUISSE, FRIEDRICHS, INC., BRADFORD & CO, INC.,
J.C. BRADFORD & CO., L.P., W. HARRY FRAZIER, III, and
BERNIE L. SMITH, III

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi
(3:93-CV-127-B-D)

June 25, 1996

Before REYNALDO G. GARZA, KING and EMILIO M. GARZA, Circuit Judges.
PER CURIAM:[*]

Edwin and Helen Meek ("the Meeks") sued Appellees, alleging
securities fraud, commodities fraud, and various causes of action
under Mississippi state law. Appellees moved for summary judgement

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

on the securities and commodities fraud claims.  The district court granted summary judgment on the securities and commodities fraud claims, and then dismissed the remaining state law claims without prejudice on the ground that they were not properly before the court in the absence of any viable federal claim.  The Meeks appeal from the summary judgment.  For the reasons given below, we AFFIRM the district court's judgment.

I.

FACTS

Bernie Smith ("Smith") was an investment advisor in Oxford, Mississippi from 1986 to 1993.  The Meeks were clients of Smith who invested a substantial amount of money in the securities market through Smith.  Smith also traded securities for a number of other clients.  Smith had a second set of clients for whom he invested in commodities futures.  The Meeks, however, were strictly securities clients; they never asked Smith to invest their money in commodities futures.

Appellees Howard, Weil, Labouisse, Friedrichs, Inc. ("Howard Weil"), and J.C. Bradford and Co. ("Bradford") are brokerage firms that handle transactions in the commodities markets.  Appellee Harry Frazier is an investment advisor in Clarksdale, Mississippi who allegedly solicited commodities trading from Smith while Frazier was working for Howard, Weil and Bradford.  Smith traded commodities through Howard, Weil from 1987 to 1989, and through Bradford from 1989 to 1993.  He entered into a guaranteed introducing broker ("GIB") agreement with Howard, Weil in April 1988, which was terminated in March 1989.  He then entered into a GIB agreement with Bradford in March 1989, which was terminated in January 1993.  As a GIB, Smith solicited or accepted orders for the purchase or sale of commodities, but did not accept money for

Appellees.  In addition to soliciting orders from other investors, Smith traded in commodities for his own accounts with Appellees.

When Smith lost large sums of his own money in the commodities market, he covered his losses by stealing money from the investors whose securities investments he handled.  He liquidated their investments without their authority, and used the money to invest in the commodities market on his own account.  In June 1993, Smith pled guilty to five counts of mail fraud, and was sentenced to forty-two months in prison.

The Meeks filed this suit against Appellees and Smith, alleging violations of the Commodity Exchange Act and the Securities Exchange Act of 1934, as well as several state law causes of action.  Appellees moved for summary judgment, basically arguing that they were not liable for Smith's malfeasance because they neither knew about it nor had anything to do with it.  The district court granted summary judgment for Appellees on the Commodity Exchange Act and Securities Exchange Act claims, and then dismissed the remaining state law claims without prejudice because there was no viable federal claim.  The Meeks appeal from the summary judgment.

II.

DISCUSSION

A.

Standard of Review

We review the district court's granting of summary judgement de novo.  *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993).  Summary judgment is appropriate if there is "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter or law."  Fed. R. Civ. P. 56(c).  The threshold inquiry, therefore, is whether there are "any

3

genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Of course, "the substantive law will identify which facts are material." *Id.* at 248. All of the evidence must be viewed in the light most favorable to the motion's opponent. *Bodenheimer*, 5 F.3d at 956.

B.

The Meeks' Commodity Exchange Act Claims

The district court did not err in granting summary judgment on the Meeks' Commodity Exchange Act ("CEA") claims. The Meeks sued under the anti-fraud provision of the CEA, which states:

> It shall be unlawful (1) for any member of a contract market or for any correspondent, agent or employee of any member, in or in connection with any order to make, or the making of, any contract of sale of any commodity . . . for or on behalf of any other person . . . to cheat or defraud or attempt to cheat or defraud such other person. . . .

7 U.S.C. § 6b(a). This Court recently discussed the requirements for bringing a cause of action under the anti-fraud provision in *Tatum v. Legg Mason Wood Walker, Inc.*, 83 F.3d 121, 122-23 (5th Cir. 1996)(per curiam), a case that involved the same defendants and the same fraudulent scheme that is the subject of this action. In *Tatum*, this Court stated:

> A plaintiff establishes a commodities violation for fraud by a commodities broker only if such fraud is perpetrated "in connection with" an order for the sale of a commodity on behalf of the plaintiff. Plaintiffs in this case never intended to purchase commodities. Smith liquidated their securities investments to cover his losses in the commodities market without Plaintiffs' knowledge or permission. Plaintiffs were never parties to an order

4

for the sale of a commodity, and thus they do not satisfy the "in connection with" requirement of § 6b(a). Smith's action may give rise to a common law claim for conversion, but Plaintiffs did not thereby state a claim for relief under the Commodity Exchange Act. The district court did not err in granting summary judgment for Howard Weil and J.C. Bradford on Plaintiffs' claims under the Commodities Exchange Act.

*Id.* (internal citations omitted).

Like the plaintiffs in *Tatum*, the Meeks never intended to purchase commodities, and were never parties to an order for the sale of a commodity. Therefore, they do not satisfy the "in connection with" requirement of Section 6b(a). Because they do not satisfy that requirement, the district court correctly granted summary judgment dismissing their claims under the CEA.

C.

The Meeks' Securities Fraud Claims

The district court did not err in granting summary judgment dismissing the Meeks' securities fraud claims. The Meeks sought to hold Appellees vicariously liable for Smith's violations of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. They claim that Appellees are liable under Section 20(a) of the 1934 Act, 15 U.S.C. § 74t(a), which imposes vicarious liability on "controlling persons," and under common law respondeat superior and agency theories. Our review of the record convinces us that summary judgment was proper because the Meeks failed to submit any evidence that the Appellees had the power to control Smith's handling of the Meeks' securities accounts.

5

The Meeks did not create an issue of material fact as to whether Appellees were liable under Section 20(a) of the 1934 Act. Section 20(a) provides—

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

This Court has not decided the exact showing that a plaintiff must make in order to hold a defendant liable under Section 20(a). *See Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619-20 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1219 (1994). We do not need to decide it now, however, because we have held that a plaintiff must at least show that the defendant had an ability to control the specific transaction or activity upon which the primary violation is based. *Id.* at 620. In this case, the Meeks failed to present evidence that Appellees had the power to control Smith's securities dealings. At best, the evidence arguably shows that Appellees had influence over Smith's commodities trading; it did not show that Appellees had anything to do with Smith's handling of the Meeks' securities investments, or any power to control his handling of those investments. Therefore, summary judgment was proper on their Section 20(a) claim.

The Meeks also contend that Appellees are liable for Smith's 1934 Act violations under common law agency principles, including

respondeat superior. In order to recover under agency principles, the Meeks must show that Smith acted within the scope of his authority as an agent in defrauding them. *Paul F. Newton & Co. v. Texas Commerce Bank*, 630 F.2d 1111, 1119 (5th Cir. 1980). Our review of the record leads us to conclude that the Meeks presented no evidence that Smith acted within his authority in defrauding the Meeks. At best, the evidence showed that Smith had the authority to solicit commodities transaction for Appellees. Appellees, however, had no connection with Smith's handling of the Meeks' securities investments; their relationship with him was strictly limited to commodities trading. Because there was no evidence that Smith acted within the scope of his authority as Appellee's agent in defrauding the Meeks, summary judgment was proper on the Meeks' 1934 Act claims.

## III.

## CONCLUSION

While we sympathize with the Meeks' plight—they were defrauded out of a large sum of money, and the person who defrauded will probably be unable to repay them—there is simply no evidence that Appellees are liable under either the Commodity Exchange Act or the 1934 Act for Smith's fraudulent conduct. Therefore, we AFFIRM the judgment of the district court.

AFFIRMED.