13-1416-cv
In re: Commodity Exch., Inc. Silver Futures & Options Trading Litig.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fourteen.

PRESENT: ROBERT A. KATZMANN,
   Chief Judge,
  RICHARD C. WESLEY,
  DENNY CHIN,
   Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

IN RE COMMODITY EXCHANGE, INC. SILVER
FUTURES AND OPTIONS TRADING LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - -x

BRIAN J. BEATTY, PETER LASKARIS, SILVER
FUTURES, JAMES D. KENSIK, VALERIE KAM,
JAMES AKERS, JOHN MURPHY, CLAL FINANCE
DERIVATIVES TRADING LTD., CONNOR G. MURPHY,
WILLIAM HEARN, ELEANOR CROSSWHITE, THOMAS
CROSSWHITE, JEFFREY R. CURRENT, TAMARA
CURRENT, ROBERT GOLTERMANN, TODD R. ILIFF,  13-1416-cv
JEFFREY LEWIS, Trustee for WILLIAM O.
LEWIS and JACQUELYN J. LEWIS, ARLYN JAMES
MILLER, THOMAS MECKEL, LJG ASSET MANAGEMENT,
INC., JOHN L. BROADWAY, III, AIS CAPITAL
MANAGEMENT, LLC, AIS FUTURES MANAGEMENT,
LLC, TERESA CRACRAFT, H. BRAD ANTIN,

CONNIE ANTIN, ARTHUR TONELLI, NICHOLIS
REPKE, on behalf of himself and all others
similarly situated,

Plaintiffs,

ALAN J. ANTIN, BLACKBRIAR HOLDINGS,
LLC, CLAL FINANCE MUTUAL FUND MANAGEMENT,
LTD., STEVEN B. CRYSTAL, Trustee for
the ESTATE OF NORMAN S. CRYSTAL, CRYSTAL
INVESTMENT PARTNERS LLC, CHRISTOPHER
DEPAOLI, PAUL FELDMAN, GAMMA TRADERS I,
LLC, REBECCA A. HOUGHER, DR. ROBERT HURT,
PAUL D. KAPLAN,  GORDON KOST, TERESA KUHN,
SHAWN KUO, CARL F. LOEB, KEVIN J. MAHER,
ERIC NALVEN, J. SCOTT NICHOLSON, ROBERT
NEPO, MARLENE STULBACH, KEITH WAGNER,
WAYNE W. WILLETZ, VINCENT YACAVINO,
on behalf of themselves and all others
similarly situated,

Plaintiffs-Appellants,

v.

JP MORGAN CHASE & CO., JP MORGAN CLEARING
CORP., JP MORGAN SECURITIES INC., J.P.
MORGAN FUTURES INC., JOHN DOES, 1-10, JOHN
DOES, 11-20,

Defendants-Appellees,

HSBC HOLDINGS PLC, HSBC SECURITIES (USA)
INC., HSBC BANK USA,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:    CHRISTOPHER LOVELL (Gary S.
Jacobson, Ben Jaccarino, and
Amanda N. Miller, on the brief),
Lovell Stewart Halebian Jacobson
LLP, New York, New York.

FOR DEFENDANTS-APPELLEES:    DARYL A. LIBOW (Amanda Flug
Davidoff, on the brief), Sullivan
& Cromwell LLP, Washington, D.C.

2

Appeal from the United States District Court for the Southern District of New York (Patterson, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants, investors in certain silver futures and options contracts, appeal from the district court's March 25, 2013 judgment dismissing their consolidated class action complaint against defendants-appellees JP Morgan Chase & Co., JPMorgan Clearing Corp., JPMorgan Securities, Inc., JPMorgan Futures Inc., and unnamed John Does (collectively, "JPMorgan"), and denying their motion to file an amended complaint. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Plaintiffs assert violations of Sections 9(a) and 22(a) of the Commodity Exchange Act (the "CEA"), 7 U.S.C. §§ 13(a), 25(a), and Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. After addressing the standard of review, we review each claim in turn.

1. **Standard of Review**

We review the district court's grant of a motion to dismiss de novo, "accepting as true the complaint's factual assertions and drawing all reasonable inferences in the plaintiff's favor. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

3

state a claim to relief that is plausible on its face."  N.Y. Life Ins. Co. v. United States, 724 F.3d 256, 261 (2d Cir. 2013) (internal citations and quotation marks omitted).

We review a district court's ruling on a motion for leave to file an amended complaint for abuse of discretion. See, e.g., McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).  Leave to amend is routinely denied where amending the complaint would be futile.  Id.; Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.").

The parties disagree as to whether a claim under the CEA is subject to the pleading standard of Rule 8(a) or 9(b) of the Federal Rules of Civil Procedure.  We do not reach this issue, however, because we hold, as discussed below, that plaintiffs' claims fail even under the more liberal standard of Rule 8(a).

## 2. **The CEA**

The CEA prohibits any person from "manipulat[ing] or attempt[ing] to manipulate the price of any commodity."  7 U.S.C. § 13(a)(2).  "While the CEA itself does not define the term, a court will find manipulation where (1) Defendants possessed an ability to influence market prices; (2) an

4

artificial price existed; (3) Defendants caused the artificial prices; and (4) Defendants specifically intended to cause the artificial price."  In re Amaranth Natural Gas Commodities Litig., 730 F.3d 170, 173 (2d Cir. 2013) (internal quotation marks omitted).

At a minimum, here plaintiffs failed to adequately plead facts to support the third and fourth factors, and the allegations in their proposed amended complaint did not cure these deficiencies.  As discussed below, plaintiffs' assertions relating to JPMorgan's market power and "uneconomic conduct" were insufficient to plausibly allege intent or causation. Plaintiffs' proposed amended complaint contained no additional allegations to support these elements.  Accordingly, the district court did not err in dismissing the complaint, nor did it abuse its discretion in denying leave to amend.  See id. at 183 ("There is . . . no manipulation without intent to cause artificial prices.").

First, market power by itself is not enough to establish a CEA violation.  Plaintiffs suggest that JPMorgan's large short position in silver futures incentivized JPMorgan to depress prices.  But this "incentive" could just as easily be imputed to any company with a large market presence in any commodity market.  See id. at 184 (noting that while "[a] trader may indeed acquire a large position in order to manipulate

5

prices," it "may also acquire a large position in the belief that the price of the future will, for reasons other than the traders' own activity, move in a favorable direction").  We agree with the district court that an inference of intent cannot be drawn from the mere fact that JPMorgan had a strong short position.

Second, plaintiffs' vague allegations of purportedly "uneconomic conduct" likewise failed to state a CEA claim. Plaintiffs argue that JPMorgan's trading behavior was "inconsistent with trying to obtain the best sales price execution, but consistent with trying to move prices down by aggressively selling in a compressed period to receive less on the sales transactions."  (Am. Compl. ¶ 121).  Absent specific factual allegations, however, this argument does not support an inference of intent.  See U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc., 875 F. Supp. 2d 233, 249 (S.D.N.Y. 2012) (noting that plaintiff must allege that defendant "acted (or failed to act) with the purpose or conscious object of causing or [a]ffecting a price or price trend in the market that did not reflect the legitimate forces of supply and demand" (internal quotation marks omitted) (emphasis added)).

Nor did plaintiffs allege any specific facts indicative of an intent to affect prices similar to those that have been found sufficient in comparable CEA actions.  See,

6

e.g., CFTC v. Amaranth Advisors L.L.C., 554 F. Supp. 2d 523, 532-33 (S.D.N.Y. 2008) (alleging specific instant message conversations that showed that a trader at Amaranth intended to affect prices); In re Natural Gas Commodity Litig., 358 F. Supp. 2d 336, 344 (S.D.N.Y. 2005) (alleging that the defendants reported "false pricing data to various market indices").

As plaintiffs failed to allege a CEA violation, their aiding and abetting claim was properly dismissed as well. See Amaranth, 730 F.3d at 183 ("[A]iding and abetting requires knowledge of the primary violation and an intent to assist it . . . ." (emphasis added)); Tatum v. Legg Mason Wood Walker, Inc., 83 F.3d 121, 123 n.3 (5th Cir. 1996) (per curiam) ("[T]o recover damages from a secondary party in an action for 'aiding and abetting' liability under the [CEA], a plaintiff must first prove that a primary party committed a commodities violation.").

3.    **Sherman Anti-Trust Act**

Section 1 of the Sherman Antitrust Act provides that "[e]very contract, combination . . . or conspiracy, in restraint of trade or commerce . . . is declared to be illegal." 15 U.S.C. § 1. To state a claim under Section 1, a plaintiff must plausibly allege that "the challenged anticompetitive conduct stems . . . from an agreement, tacit or express." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553 (2007) (internal quotation marks and alteration omitted). "While a showing of parallel

7

business behavior is admissible circumstantial evidence from which the fact finder may infer agreement, it falls short of conclusively establishing agreement or itself constituting a Sherman Act offense."  Id. (internal quotation marks and alterations omitted).

Plaintiffs failed to plausibly allege even a tacit agreement to manipulate prices.  Rather, plaintiffs argued that its allegations of large volume uneconomic trades in a compressed period and price signaling plausibly alleged concerted action by JPMorgan and unidentified floor brokers. Again, these conclusory allegations did not identify any concerted action among the defendants.  Moreover, for the reasons discussed above, these allegations were insufficient to plead a claim that defendants unreasonably acted to restrain trade.  Accordingly, the district court did not err in dismissing the Sherman Act claim, and it did not abuse its discretion in denying plaintiffs leave to replead.

We have considered appellants' remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk