Filed 12/11/13  Bardasian v. Bank of America CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| BRENDA BARDASIAN,<br><br>    Plaintiff and Appellant,<br><br>  v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>    Defendants and Appellants. | C072378<br><br>(Super. Ct. No. 34201000082041CUORGDS) |

The facts of the operative complaint in this case are all bollixed up.  In the complaint, plaintiff Brenda Bardasian sued defendants Bank of America, N.A. and Recontrust Company, N.A., among others, for the consequences of two mortgage loans for her house (loan 1) and an adjacent house (loan 2) both that she could not afford.  The trial court sustained the demurrer of Bank of America and Recontrust without leave to amend and entered judgment in their favor.

On Bardasian's appeal, we conclude the trial court got it right.  After we untangle the factual allegations of the complaint, the following facts appear:  Bank of America and

Recontrust were involved only in loan 1; other defendants (not before us) were involved in loan 2. As to loan 1, American Home Mortgage was the original lender. Bank of America acquired loan 1 from American Home Mortgage and became the trustee and owner of the note and the deed of trust. Recontrust issued a notice of default on loan 1. Bardasian never alleged that American Home Mortgage committed fraud against her and did not name American Home Mortgage as a defendant. So even if Bank of America and Recontrust were liable for the torts of the original lender, they are not liable here where the facts of the complaint did not allege wrongdoing by the original lender and Bardasian has refused to amend the complaint to address this deficiency because she does not believe it is deficient in this regard.

FACTUAL AND PROCEDURAL BACKGROUND

A

*Bardasian's Theory Of The Case As Set Forth In The Complaint*

In October 2005, mortgage broker Scott David Sutch telephoned Bardasian and said he could obtain a home mortgage loan for her. The two met at Sutch's office, where Sutch asked for and received Bardasian's financial documents. Sutch told her that he would find her a mortgage loan "with the best terms and best interest rates available to [her] on the market."

In mid-October 2005, Sutch told Bardasian that the only loan she qualified for was a "5.5% interest only to adjust in five years" and when the loan adjusted she would be able to refinance at no charge. Sutch then overstated Bardasian's income on her loan application that he prepared and did not tell her. Sutch also did not tell her that he and "his company" would earn $17,000 in fees because of this loan and that if the loan were a fixed rate loan, they would have earned only $10,000. In truth, Bardasian also qualified for a fixed rate loan, and there was no basis for Sutch to represent that she would qualify for a refinance in five years.

2

At the end of October 2005, believing Sutch's false representations to be true, Bardasian entered into loan 1 for her house. At the closing of loan 1, Bardasian received a stack of loan documents and was "merely shown where to sign." Had Bardasian known the truth, she would not have entered into loan 1. Bardasian executed a deed of trust for loan 1 that listed the lender as American Home Mortgage.[1]

Around January 2007, Bardasian sought to buy the property adjacent to her house and telephoned Sutch for another mortgage loan. Sutch told Bardasian he was now a broker employed by Santa Clara Partner's Mortgage Corporation, he could easily obtain another mortgage loan for her, and he did not need her financial information because he had the information he needed from loan 1. Around the same time, Sutch also told Bardasian that the best and only loan available to her was an adjustable rate mortgage, she did not qualify for a fixed rate loan, she had nothing to worry about because the loan would begin adjusting only in five years, and she could easily refinance the loan before it adjusted and that he would do that for her. Sutch overstated Bardasian's income to obtain loan 2 without her knowledge and failed to inform her that he and his company would earn about $6,000 more in fees for this loan than they would for a fixed rate loan. In truth, Bardasian qualified for a fixed rate loan, the note did not adjust in five years, during the five year period the note could not easily be refinanced, and the note did not have fixed payments for five years. Had Bardasian known the truth, she would not have entered into loan 2. At the closing of loan 2, Bardasian received a stack of loan documents and was "merely shown where to sign."

American Brokers Conduit and Santa Clara Partner's Mortgage Corporation knowingly inflated the value of both properties on both loan applications. They also

---

[1]     As we explain later, the introduction of the complaint incorrectly listed American Brokers Conduit as the original lender of loan 1.

3

knowingly overstated Bardasian's employment income and said it was $14,500 per month, to meet the underwriting guidelines of American Brokers Conduit.

B

*More On Bardasian's Theory Of The Case In The Complaint,*

*And The Contents Of The Relevant Exhibits*

The introduction to the complaint alleged the lender of loan 1 was American Brokers Conduit. The body of the complaint, however, stated that as to loan 1, the " 'Lender is American Home Mortgage.' " The body of the complaint quoted the deed of trust for loan 1, which was attached as an exhibit to the complaint. The attached deed of trust stated, " 'Lender' is American Home Mortgage." The deed of trust was recorded on November 3, 2005. The complaint alleged that Bardasian "entered into [l]oan 1, in or about the end of October 2005."

The introduction to the complaint alleged that the trustee and owner of the note and deed of trust on loan 1 was Bank of America and that the entity that issued the notice of default on loan 1 as the agent of the beneficiary was Recontrust. The body of the operative complaint alleged in the first cause of action that "A[urora][2] on loan 2 and B[ank] of A[merica] on loan 1 are liable for the fraud . . . solely based on the theory of successor liability." In the second cause of action, which was breach of fiduciary duty, Bardasian named Aurora "as successor on [l]oan 2." Then, "incorporat[ing] by reference the allegations set forth above," Bardasian in the third cause of action for aiding and abetting breach of fiduciary duty named "A[urora] as successor on [l]oan 1; and B[ank] of A[merica] as successor on [l]oan 2." In the fifth cause of action (which was the next involving Bank of America), Bardasian alleged negligence. She alleged that "[t]he law imposes a duty on the original lender, here A[merican] B[rokers] C[onduit]," and that

---

**2** Aurora Loan Services, LLC, was the trustee and owner of the note and deed of trust on loan 2.

4

"A[merican] B[rokers] C[onduit] is liable for negligence based on the principal/agency relationship . . . and [B]ank of A[merica] and A[urora] are liable thereon based on successor liability. . . ." In the sixth cause of action (against all defendants), a violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.), Bardasian "incorporate[d] by reference the allegations set forth above . . ." and argued that "[d]efendants' acts, as alleged herein, constitute unlawful, unfair and/or fraudulent business practices. . . ."[3]

The complaint also contained a section on the notes and deeds of trust and recorded documents.

Regarding loan 1, the complaint quoted from attached exhibit 7, which was the deed of trust, and exhibit 8, which was the notice of default. As noted above, the deed of trust for loan 1 stated " 'Lender' is American Home Mortgage," and it was recorded on November 3, 2005. The deed of trust was dated October 28, 2005. The notice of default for loan 1 stated that "R[econtrust] is acting as an agent for the [b]eneficiary under a [d]eed of [t]rust dated 10/28/2005" and noted that Bank of America was the entity to contact to stop the foreclosure. The complaint also attached a substitution of trustee and assignment of deed of trust recorded September 28, 2010. The substitution/assignment stated that "Mortgage Electronic Registration Systems, Inc." (capitalization omitted) is the "[b]eneficiary of that certain [d]eed of [t]rust dated 10/28/2005." The "[b]eneficiary,

---

**3** In her briefs on appeal relating to the violation of the unfair competition law, Bardasian's argument is based on the fact that she "incorporated by reference" the facts supporting the causes of action for "fraud, neglect, and aiding and abetting [the] breach of fiduciary duty" and "any and all of these causes of action refer to conduct that is sufficient to satisfy" the requirement of the unfair competition law. She also claims that her proposed amendments to the complaint (having to do with Bank of America and its knowledge of the fraud being perpetrated by the original lender American Brokers Conduit) made it liable under the unfair competition law. On appeal, she makes no separate argument regarding the unfair competition law as it related to Recontrust.

hereby substitutes Recontrust Company, N.A." (capitalization omitted) "as Trustee" and "the undersigned" (which was the assistant secretary for Mortgage Electronic Registration Systems, Inc.) "hereby grants, assigns, conveys and transfers to Bank of America, N.A. all beneficial interest under that certain [d]eed of [t]rust described above."

Regarding loan 2, the complaint quoted from attached exhibit 1, which was the deed of trust for loan 2, exhibit 2, which was the notice of default for loan 2, and exhibit 3, which was the corporate assignment of the deed of trust. The deed of trust stated, " 'Lender' is American Brokers Conduit." The deed of trust was recorded on January 24, 2007, and referred to a security instrument dated January 22, 2007. The notice of default stated that "Quality Loan Service Corp." is acting as an agent for the beneficiary under a deed of trust dated "1/22/2007" executed by Bardasian to secure "certain obligations in favor of Mortgage Electronic Registration Systems, Inc. as nominee for American Brokers Conduit, [capitalization omitted] A corporation, [capitalization omitted] as beneficiary, recorded 1/24/2007," and it noted that "Aurora Loan Services LLC" was the entity to contact to stop the foreclosure. The beneficiary declaration noted that the "loan servicer" was "Aurora Loan Services, LLC." The corporate assignment of deed of trust stated that "Mortgage Electronic Registration Systems, Inc. as nominee for American Brokers Conduct [capitalization omitted] . . . hereby grants, assigns, and transfers to Aurora Loan Service LLC [capitalization omitted] . . . all beneficial interest under that certain [d]eed of [t]rust dated 01/22/2007 . . . ."

C

*The Demurrer And The Trial Court's Ruling*

Bank of America and Recontrust filed a demurer to the complaint. The tentative ruling of the court stated in part, "[Bardasian] ha[s] failed to sufficiently allege Bank of America's liability as successor to A[merican] B[rokers] C[onduit]." "As all of [Bardasian's] claims against Bank of America are based on its alleged successor liability, the demurrer must be sustained as to all four causes of action alleged against Bank of

America. As [Bardasian] ha[s] previously been granted leave to amend to address the deficiencies addressed herein, the demurrer is sustained without leave to amend. [¶] Having so concluded, the Court need not address the other grounds for demurrer raised by Bank of America."[4] The court thereafter affirmed this ruling and entered a judgment of dismissal in favor of Bank of America and Recontrust.

Bardasian filed a timely notice of appeal from the judgment of dismissal.

## DISCUSSION

"[C]onflicting theories may be alleged in inconsistent counts," but there is "no authority permitting flatly contradictory allegations of fact." (*Carlisle v. Kanaywer* (1972) 24 Cal.App.3d 587, 593.) "For purposes of a demurrer, we accept as true both facts alleged in the text of the complaint and facts appearing in exhibits attached to it. If the facts appearing in the attached exhibit contradict those expressly pleaded, those in the exhibit are given precedence." (*Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561, 567-568.) The application of the foregoing principles is fatal to Bardasian's allegations against Bank of America and Recontrust.

The theory of liability as to Bank of America and Recontrust is one of vicarious liability, namely, that they are liable as the successor and assignor for the tort or statutory liability of the original lender. But the original lender on the loan in which Bank of America and Recontrust were involved (loan 1) was American Home Mortgage. And

---

**4** The trial court's ruling had to do with its view that the "recorded assignment of deed of trust states that Bank of America is assigned 'all beneficial interest' in the deed of trust, and does not include any express assumption of liability."

The trial court did not base its ruling on the fact that American Home Mortgage (not American Brokers Conduit) was the original lender for loan 1 and that successor liability for either Bank of America or Recontrust could therefore not attach to the wrongdoings of American Brokers Conduit and the fact that defendants had repeatedly brought this to the attention of Bardasian but Bardasian had failed to amend her complaint to address this deficiency.

7

Bardasian has never alleged any wrongdoing on the part of American Home Mortgage. Indeed, Bardasian had not even sued American Home Mortgage. Thus, there is no original liability of the wrongdoer on which to premise the liability of Bank of America or Recontrust. Below, we explain.

Reading the complaint with the exhibits taking precedence, the following facts appear. For loan 1, the lender was American Home Mortgage (not American Brokers Conduit), the successor assignor was Bank of America, and the entity that issued the notice of default on loan 1 as the agent of the beneficiary was Recontrust. We arrive at these facts based on the language of the deed of trust for loan 1, the dates relating to that deed of trust, and the notice of default, which Bardasian quotes in the body of her complaint. Specifically, the deed of trust attached to the complaint stated, " 'Lender' is American Home Mortgage," and it was recorded on November 3, 2005. The deed of trust referred to a security instrument dated October 28, 2005. The notice of default for loan 1 stated that "R[econtrust] is acting as an agent for the [b]eneficiary under a [d]eed of [t]rust dated 10/28/2005" and noted that Bank of America was the entity to contact to stop the foreclosure.

Despite these facts that Bardasian herself quotes, the introduction to the complaint alleged the original lender of loan 1 was American Brokers Conduit. This contradiction has been pointed out repeatedly to Bardasian. Bardasian's response even in her reply brief is that she has correctly asserted that Bank of America's liability derives from its assumption of liability from American Brokers Conduit and not from American Home Mortgage. She goes on to state she "is quite clear as to how the chain of events unfolded among the various defendants in relation to the two loans." She never explains why the body of her complaint and the deed of trust (that she attached to the complaint) state that the American Home Mortgage was the lender of loan 1 if in fact American Brokers Conduit was the lender for loan 1. Thus, the trial court was correct in sustaining the demurrer of Bank of America and Recontrust without leave to amend.

8

DISPOSITION

The judgment is affirmed.  Bank of America and Recontrust are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


                                             ROBIE            , Acting P. J.


We concur:


      BUTZ           , J.


      HOCH           , J.